[732 NYS2d 585]

In the Matter of JAMES M. O'NEILL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 13, 2001

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Catherine A. Sheridan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated March 20, 2001, the petitioner's motion to suspend the respondent from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i), on the

basis of his failure to cooperate, was granted without opposition. That decision and order authorized the petitioner to institute and prosecute a disciplinary proceeding against him, the petitioner was directed to serve and file a petition within 30 days, the respondent was directed to answer within 10 days, and the issues raised were referred to John F. Mulholland, Esq., as Special Referee, to hear and report.

Pursuant to the decision and order dated March 20, 2001, the petitioner personally served the respondent with a petition at his residence. The petition is predicated upon numerous complaints of professional misconduct filed between February 2000 and November 2000. The complaints include serious allegations of neglect of clients' legal matters and failure to communicate with clients.

The respondent failed to submit an answer to the petition, notwithstanding this Court's directive that he do so within 10 . days after service upon him of the petition. Although personally served with the notice of motion to impose discipline upon his default on June 29, 2001, the respondent has not submitted any reply thereto.

Based upon the respondent's refusal to comply with this Court's decision and order dated March 20, 2001, he is in default and the charges in the petition must be deemed admitted. The petitioner's motion to adjudge him in default and impose discipline upon him is granted. The respondent is disbarred on default, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

In view of the respondent's abandonment of his practice, Andrew M. Mahony, Esq., is appointed pursuant to 22 NYCRR 691.10 (k) to inventory the respondent's files and to take such action as is deemed proper and advisable to protect the interests of the respondent's former clients.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, James M. O'Neill, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James M. O'Neill is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to 22 NYCRR 691.10 (k), Andrew M. Mahony, Esq., of Santemma & Deutsch, L. L. P., 120 Mineola Boulevard, Mineola, New York 11501, is appointed as conservator to inventory the respondent's files and to take such action as is deemed proper and advisable to protect the interests of the former clients of the disbarred attorney.