■ WOODHILL ELECTRIC, Appellant, v JEFFREY BEAMISH, INC., Respondent. [904 NYS2d 232]—

Rose, J. Appeal from an order of the Supreme Court (Main Jr., J.), entered February 23, 2009 in Essex County, which granted defendant's motion to dismiss the complaint.

Plaintiff commenced this action against defendant, alleging causes of action in negligence and breach of contract after an electrical system plaintiff had installed in a residential construction project began leaking water into the residence. Supreme Court granted defendant's motion to dismiss the complaint, finding that plaintiff failed to state a cause of action. Plaintiff now appeals.

We affirm. "[W]hen ruling on a motion to dismiss a claim for failure to state a cause of action, the court must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (*Bailey v Chernoff*, 45 AD3d 1113, 1116 [2007] [internal quotation marks and citation omit-

ted]). Turning first to plaintiff's breach of contract claim, he contends that he entered into a contractual arrangement with defendant, the general contractor on the construction project, to install the electrical system. In the complaint, plaintiff alleges that defendant breached the contract "by ordering plaintiff to do work at the [construction project] in a way that defendant was aware or should have been aware that such orders breached the contract." In order to adequately plead a cause of action for breach of contract, however, the complaint must allege the provisions of the contract that were allegedly breached (*see Kraus v Visa Intl. Serv. Assn.*, 304 AD2d 408, 408 [2003]; *Shields v School of Law of Hofstra Univ.*, 77 AD2d 867, 868 [1980]). Here, the complaint does not set forth the particular terms of the contract upon which plaintiff's claim is based. Nor are the missing terms supplied by exhibit A to the complaint, which summarizes the parties' dealings and alleges that defendant dictated how the work should be done, but does not describe what was required of defendant other than to pay for the work. Accordingly, the cause of action for breach of contract was properly dismissed (*cf. G.H. Dorety Constr. v Joseph Francese, Inc.*, 252 AD2d 656, 657 [1998]).

Regarding plaintiff's negligence cause of action, the complaint does not allege a violation of a legal duty of defendant independent of the alleged contract between the parties. Accordingly, this cause of action was also properly dismissed (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Lantzy v Advantage Bldrs., Inc.*, 60 AD3d 1254, 1256 [2009]; *Venditti v Liberty Mut. Ins. Co.*, 6 AD3d 961, 963 [2004]).

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.