■ TRUMP ON THE OCEAN, LLC, Appellant, v STATE OF NEW YORK, Respondent. [913 NYS2d 792]—

Rose, J.P. Appeals (1) from an order of the Court of Claims (Collins, J.), entered August 4, 2009, which granted defendant's motion to dismiss the claim, and (2) from an order of said court, entered April 15, 2010, which denied claimant's motion for, among other things, reconsideration.

Claimant, having successfully bid for the opportunity to construct and operate a restaurant and catering facility on the boardwalk at Jones Beach State Park, entered into a lease with the Office of Parks, Recreation and Historic Preservation (hereinafter OPRHP). Approximately one year after the execution of the lease, OPRHP determined that claimant's design for the basement did not comply with the Uniform Fire Prevention and Building Code (hereinafter the Code) and required a variance from the Department of State (hereinafter DOS). After a hearing by a DOS regional board of review, claimant's application was ultimately denied. Thereafter, claimant commenced this action alleging that defendant breached both the lease itself and the covenant of good faith and fair dealing implied in the lease by interfering with claimant's ability to perform it. Claimant also commenced a hybrid CPLR article 78 proceeding in Nassau County challenging the regional board's denial of the variance.* When defendant moved to dismiss the claim in this action, the Court of Claims granted the motion based on the failure to state a claim and denied claimant's subsequent motion to reconsider. Claimant appeals from both orders, and we affirm.

---

* Supreme Court, Nassau County (Warshawsky, J.) set aside the regional board's determination as arbitrary and capricious and not supported by the evidence. The Second Department affirmed the judgment and remitted the matter to the board to grant the requested variance subject to any conditions it deems appropriate (*Matter of Trump on the Ocean, LLC v Cortes-Vasquez*, 76 AD3d 1080, 1087 [2010]).

Arguing breach of the lease, claimant alleges that OPRHP unreasonably delayed its performance of its obligations under the lease by failing to issue a construction permit and then by failing to adequately assist claimant's efforts to obtain the variance. In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the claim is liberally construed, claimant's allegations are assumed to be true and claimant is afforded every favorable inference (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Bordeleau v State of New York*, 74 AD3d 1688, 1688 [2010]; *IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1356 [2008], *lv denied* 11 NY3d 706 [2008]). Here, while it is true that OPRHP is able to issue a construction permit (*see* 19 NYCRR 1204.3 [e]), the applicable regulations do not allow OPRHP to issue a permit for a design that is not in conformance with the Code (*see* 19 NYCRR 1204.3 [d]; 1204.7 [c]). Any variance from the Code must be obtained in accordance with the regulations promulgated by DOS (*see* Executive Law § 381 [f]; 19 NYCRR part 1205; Building Code of NY State § 107.3 [2007]). Significantly, claimant does not contend that its design was in conformance with the Code. Thus, it cannot complain that a variance was required. Nor can it complain that OPRHP failed to obtain the variance on its behalf, as claimant concedes that it had sole responsibility for construction, including obtaining any and all approvals required (*see e.g. Rooney v Slomowitz*, 11 AD3d 864, 866-867 [2004]). To the extent that claimant contends that OPRHP could have certified an alternative design, it failed to allege that there was any such requirement that OPRHP do so in the lease. In sum, we agree with the Court of Claims that the breach of contract cause of action fails as a matter of law in the absence of any showing by claimant that a specific provision of the lease was allegedly breached (*see Woodhill Elec. v Jeffrey Beamish, Inc.*, 73 AD3d 1421, 1422 [2010]; *Kraus v Visa Intl. Serv. Assn.*, 304 AD2d 408 [2003]). The cause of action for breach of the implied covenant of good faith and fair dealing must also fail because the implied obligation is only "in aid and furtherance of other terms of the agreement of the parties" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]; *see Dalton v Educational Testing Serv.*, 87 NY2d 384, 398 [1995]), and claimant has not alleged any applicable term of the lease to support it.

Turning to the denial of the motion to reconsider, claimant *properly* limits its argument to that portion of the motion requesting leave to renew and to amend the claim (*see N.A.S. Partnership v Kligerman*, 271 AD2d 922, 922 [2000]). Leave to renew must be based upon newly discovered evidence that existed at the time of the prior motion but was unknown to

claimant at that time, and claimant must provide reasonable justification for not providing it earlier (*see* CPLR 2221 [e] [2]; *Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007]; *Wahl v Grippen*, 305 AD2d 707, 707 [2003]). As for the request to amend the claim, leave to amend a pleading is generally freely given (*see* CPLR 3025 [b]). As is relevant here, however, denial is appropriate if the moving party fails to make some evidentiary showing that the proposed amendment has merit (*see Duquette v Oliva*, 75 AD3d 727, 727-728 [2010]; *Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1149 [2009]).

Both the request to renew and to amend were based on a proffer of the previously unprovided lease, allegations that defendant was attempting to either abandon the lease or declare claimant in default, and a decision of Supreme Court, Nassau County (Warshawsky, J.) that granted claimant's motion for a preliminary injunction in a separate declaratory judgment action commenced by claimant against OPRHP. No reasonable justification, however, has been offered by claimant for its failure to provide the lease in opposition to the initial motion. In any event, the specific lease provision relied on by claimant—that OPRHP would not unreasonably withhold approvals—cannot be read to impose a duty on defendant either to grant a construction permit for a design not in conformance with the Code or to grant a requested variance for the project. Nor can we agree with claimant's contention that Supreme Court's decision granting preliminary relief qualifies as law of the case or as an adjudication on the merits (*see Town of Concord v Duwe*, 4 NY3d 870, 875 [2005]; *Papa Gino's of Am. v Plaza at Latham Assoc.*, 135 AD2d 74, 77 [1988]). Further, neither that decision nor the facts surrounding the dispute over rent and the continued need for a capital improvement bond will serve to cure the deficiencies in the original pleading. We conclude, therefore, that the Court of Claims did not abuse its discretion in denying the motion to renew (*see State of New York v Williams*, 73 AD3d 1401, 1404 [2010], *lv denied* 15 NY3d 709 [2010]; *Kahn v Levy*, 52 AD3d 928, 929-930 [2008]) or the motion to amend (*see Cowsert v Macy's E., Inc.*, 74 AD3d 1444, 1445 [2010]; *Curtin v Community Health Plan*, 276 AD2d 884, 886 [2000]). We have considered claimant's remaining contentions and find them to be similarly unavailing.

Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.