■ ROGER McCORMICK et al., Appellants-Respondents, v WILLIAM FAVREAU et al., Respondents, and JAMES CARTER, Respondent-Appellant. [919 NYS2d 572]—

Garry, J.

In 1999, plaintiff Roger McCormick, acting on behalf of plaintiff Marimac, LLC, entered into an agreement to purchase real property in the Town of Chazy, Clinton County from defendant James Carter. Plaintiffs' attorney in this transaction was defendant James Coffey. Carter was represented by defendant William Favreau, an attorney with defendant O'Connell & Aronowitz (hereinafter O & A). The purchase and sale agreement included a provision purporting to give plaintiffs a right of first refusal on two parcels of Carter's property adjoining plaintiffs' parcel. In 2007, Carter sold one of these parcels, and plaintiffs commenced an action seeking to enforce the right of first refusal. The agreement was found to lack an essential term and, thus, to be void based upon the statute of frauds. This Court affirmed that determination (*McCormick v Bechtol*, 68 AD3d 1376 [2009], *lv denied* 15 NY3d 701 [2010], *cert denied* 562 US —, 131 S Ct 655 [2010]).

In December 2008, plaintiffs commenced this action asserting claims of fraud against Carter, Favreau and O & A, breach of contract and negligence against all defendants, legal malpractice, breach of fiduciary duty and strict liability in tort against Coffey, Favreau and O & A, breach of warranty of fitness against Favreau and O & A, and breach of a covenant not to compete against Carter. Defendants separately moved to dismiss the complaint. Supreme Court found that all of plaintiffs' claims against Coffey, Favreau and O & A were time-barred and dismissed the complaint against them. As to Carter, the court dismissed all of plaintiffs' claims except for the cause of action for breach of the covenant not to compete. Plaintiffs appeal[1] and Carter cross-appeals.

We agree with Supreme Court's determinations as to the timeliness of plaintiffs' claims. Plaintiffs' claim of legal malprac-

---

1. Plaintiffs fail to address in their brief Supreme Court's dismissal of their strict products liability claim; accordingly, any issue with respect thereto is deemed abandoned (*see e.g. William J. DeTorres III, M.D., P.C. v Claxton-Hepburn Med. Ctr.*, 65 AD3d 733, 735 [2009]).

tice is subject to a three-year statute of limitations which accrued when the actionable injury occurred—that is, at the time of the malpractice, not the time of its discovery (*see* CPLR 214 [6]; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]). The alleged malpractice—the drafting and review of the defective documents—occurred in 1999, and Supreme Court thus correctly determined that this claim was time-barred. The breach of fiduciary duty claims are based on this same conduct and are also time-barred, whether the applicable limitations period is three or six years (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]; *Paolucci v Mauro*, 74 AD3d 1517, 1519-1520 [2010]). The cause of action for negligence, with a three-year limitations period (*see* CPLR 214 [4]), is similarly barred, as it also accrued in 1999. The injury occurred when plaintiffs bargained and paid for—but did not receive—a valid right of first refusal, rather than upon discovery, as plaintiffs contend (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Bond v Progressive Ins. Co.*, 82 AD3d 1318, 1320-1321 [2011]; *Schultes v Kane*, 50 AD3d 1277, 1278 [2008]).

A cause of action for fraud must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . could with reasonable diligence have discovered it" (CPLR 213 [8]; *see Durazinski v Chandler*, 41 AD3d 918, 919 [2007]). The allegedly false representation that the right of first refusal was valid also occurred in 1999, more than nine years before this action was commenced. Plaintiffs were represented by counsel, and it is undisputed that they received a copy of the agreement, so they also "possessed sufficient information to prompt an inquiry that would have led to the discovery of the alleged fraud within six years of its commission" (*Hoffman v Cannone*, 206 AD2d 740, 741 [1994]; *accord Fitzgerald v Fitzgerald*, 301 AD2d 851, 852 [2003], *lv denied* 2 NY3d 707 [2004]).[2] Accordingly, this claim was untimely. On appeal, plaintiffs contend that the fraud was part of an ongoing course of conduct that was not complete until 2007, when the statute of frauds was pleaded as an affirmative defense in the previous action. This claim was not presented in the complaint or record, and "[p]laintiff[s] cannot raise for the first time on appeal new facts on which to base the accrual of [their] causes of action in order to avoid the time restraints of the applicable [s]tatute of [l]imitations" (*Velaire v City of Schenectady*, 235 AD2d 647, 649 [1997], *lv denied* 89 NY2d 816 [1997]).

---

**2.** Although plaintiffs' complaint asserts that the documents were drafted by Favreau and/or O & A, it appears that the documents actually may have originated with plaintiffs and their counsel.

Plaintiffs' breach of contract claim—consisting of the conclusory assertion that all defendants violated an implied covenant of good faith and fair dealing—is subject to a six-year limitations period that begins to run at the time of the breach (*see* CPLR 213 [2]; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 403 [1993]). On appeal, plaintiffs contend that the breach occurred in 2007; this claim appears to depend on the theory that an implied covenant of good faith and fair dealing existed "in aid and furtherance" of the invalid agreement (*Trump on the Ocean, LLC v State of New York*, 79 AD3d 1325, 1326 [2010] [internal quotation marks omitted]) and that the covenant was violated by challenging the agreement's validity. We agree with Supreme Court that if a breach of an implied covenant of good faith and fair dealing occurred, it must have done so when the agreement was drafted and executed in 1999. Thus, this claim is time-barred. Moreover, any breach of contract claim against Carter based on the 2007 transaction is barred by res judicata, since it was or could have been raised in the prior litigation arising out of that transaction, which ended in a final judgment on the merits (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 n 3 [2008]; *Matter of Martin v Central Off. Review Comm. of N.Y. State Dept. of Correctional Servs.*, 69 AD3d 1237, 1238 [2010]).

Plaintiffs' claim for breach of warranty of fitness appears from their brief and complaint to be asserted under UCC 2-315. Even if such a claim were applicable to a transaction that did not involve the sale of goods (*see* UCC 2-102; *Krouner v Travis*, 290 AD2d 917, 919 [2002]), the applicable four-year limitations period began to run on the date of delivery in 1999 and has long since expired (*see* UCC 2-725 [1], [2]).

Finally, we reject plaintiffs' contention that defendants should be precluded from relying on the statute of limitations by the doctrine of equitable estoppel, "an extraordinary remedy which applies where a party is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the other" (*Pulver v Dougherty*, 58 AD3d 978, 979-980 [2009] [internal quotation marks, brackets and citations omitted]). The doctrine would apply only if plaintiffs demonstrated " 'that subsequent and specific actions by defendants somehow kept them from timely bringing suit' " (*id.* at 980, quoting *Zumpano v Quinn*, 6 NY3d 666, 674 [2006]), a showing they have not made.

Plaintiffs' claim that Supreme Court should have permitted additional discovery before dismissing the complaint (*see* CPLR 3211 [d]) was improperly raised for the first time on appeal (*see*

*Fletcher v Boies, Schiller & Flexner, LLP*, 75 AD3d 469, 470 [2010]); further, the record includes no evidentiary showing supporting this claim (*see Rochester Linoleum & Carpet Ctr., Inc. v Cassin*, 61 AD3d 1201, 1202 [2009]). Similarly, plaintiffs' contentions that O & A should be held liable for aiding and abetting a breach of fiduciary duty and for violating Judiciary Law § 487 do not appear in their complaint or elsewhere in the record and are not properly before this Court (*see Matter of LaBarbera v Town of Woodstock*, 55 AD3d 1093, 1094 [2008]).

With regard to Carter's cross appeal, we find that plaintiffs' claim that he breached a covenant not to compete should have been dismissed. Pursuant to CPLR 3013, pleadings must give the court and parties notice of the transactions and occurrences to be proven and the material elements of each cause. Upon a breach of contract claim, those elements are the formation of a contract, performance by the plaintiff, breach and "resulting damage" (*Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [2009] [internal quotation marks and citation omitted]). The complaint alleges that Carter violated a covenant not to compete in the 1999 agreement by engaging in marina operations and purchasing a boat business. It includes a jury trial demand "as to all counts for" damages and seeks injunctive relief as to the covenant not to compete. However, it lacks any allegation that plaintiffs were damaged by this alleged violation. Further, no affidavits or other evidence were submitted by plaintiffs in opposition to Carter's motion. This cause of action is thus lacking a material element that cannot be supplied even through the liberal construction required on a motion to dismiss for failure to state a claim (*see* CPLR 3026; *SUS, Inc. v St. Paul Travelers Group*, 75 AD3d 740, 741 [2010]), and it should have been dismissed (*see Woodhill Elec. v Jeffrey Beamish, Inc.*, 73 AD3d 1421, 1421-1422 [2010]).

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant James Carter's motion to dismiss the complaint; motion granted in its entirety and complaint dismissed against said defendant; and, as so modified, affirmed.