■ Verina Hixon, Appellant, v 12-14 East 64th Owners Corp. et al., Respondents, et al., Defendants. [968 NYS2d 449]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 21, 2011, which amended the court's prior order entered October 13, 2011 to reflect that the amended complaint was dismissed upon defendants-respondents' motion to dismiss, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 27, 2012, which, upon reargument, adhered to the original determinations, unanimously dismissed, without costs, as academic.

The complaint sets forth two causes of action: breach of a proprietary lease against defendant 12-14 East 64th Owners Corp. (the co-op) and breach of fiduciary duty against the individual defendants, the co-op's board members. The claims against the co-op that accrued before December 7, 2006 were discharged by operation of a release executed on that date. There is no merit to plaintiff's claim that the release did not apply to her instant causes of action.

In all other respects, the complaint fails to state a cause of action against the co-op. Plaintiff alleges that the co-op breached

the proprietary lease by bringing a nonpayment and a holdover proceeding against her. After a joint trial, the Civil Court of the City of New York, Housing Part (Schneider, J.), directed the entry of a money judgment in favor of the co-op on the nonpayment petition and dismissed the holdover petition. The Appellate Term modified to the extent of reducing the money judgment (*12-14 E. 64th Owners Corp. v Hixon*, 38 Misc 3d 135[A], 2013 NY Slip Op 50130[U] [App Term, 1st Dept 2013]). To the extent discernible, the complaint alleges that after the December 2006 release, the co-op breached the proprietary lease's covenant of quiet enjoyment by bringing the nonpayment and holdover proceedings in bad faith.* This claim is facially insufficient because it is not alleged that any of the co-op's post-release conduct substantially and materially deprived plaintiff of the beneficial use and enjoyment of her apartment (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83 [1970]). It does not avail plaintiff to label this cause of action as a breach of the implied covenant of good faith and fair dealing. That "implied obligation is only 'in aid and furtherance of other terms of the agreement of the parties' " (*Trump on the Ocean, LLC v State of New York*, 79 AD3d 1325, 1326 [3d Dept 2010] [citations omitted], *lv dismissed and denied* 17 NY3d 770 [2011]). Moreover, plaintiff's cause of action against the co-op is barred by the doctrine of collateral estoppel insofar as it is based on the commencement and maintenance of the nonpayment proceeding.

The breach of fiduciary duty cause of action is based on allegations of actions taken by the board members in (1) preventing plaintiff from repairing water damage to her apartment, (2) refusing to make such repairs themselves, (3) denying her an opportunity to defend herself against allegations of objectionable conduct, (4) terminating her shareholder and leasehold interests and (5) wrongfully prosecuting the summary proceedings. These claims are not actionable because they stem solely from the co-op's alleged breaches of the proprietary lease as opposed to torts committed by the co-op or its board members. A director is not personally liable for a corporation's breach of an agreement merely by virtue of his or her decisions or actions that resulted in the corporation's promise being broken (*Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]). Moreover, the complaint does not allege that the co-op or the individual defendants engaged in tortious conduct (*see e.g. Fletcher v*

---

* Paragraph 10 of the proprietary lease provides that "[t]he Lessee . . . shall quietly have, hold and enjoy the apartment without any let, suit, trouble or hindrance from the Lessor . . . ."

*Dakota, Inc.*, 99 AD3d 43, 56 [1st Dept 2012], citing *American-European Art Assoc. v Trend Galleries*, 227 AD2d 170, 171-172 [1st Dept 1996]). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Moskowitz, DeGrasse and Feinman, JJ.