■ VALERIE M. SUTTON, Appellant, v HAFNER VALUATION GROUP, INC., et al., Respondents. [982 NYS2d 185]—

McCarthy, J. Appeal from an order of the Supreme Court (McGrath, J.), entered January 28, 2013 in Rensselaer County, which, among other things, granted defendants' motion to dismiss the complaint and/or for summary judgment dismissing the complaint.

In connection with a partnership and corporate dissolution action, plaintiff retained defendant Hafner Valuation Group, Inc. to appraise real property and provide "court ready appraisal reports." Defendant James M. O'Neill,* an appraiser employed by Hafner Valuation, prepared two appraisal reports for plaintiff and attached his curriculum vitae (hereinafter CV) to each. The CV stated, among other information, that O'Neill was a certified general real estate appraiser, had received a Juris Doctor degree in 1981, had "[l]itigation [c]onsultation [d]eveloped" in 15 listed contexts and was "[q]ualified as [e]xpert [w]itness" in Supreme Court and the Public Service Commission. Shortly before O'Neill was to testify as an expert witness at plaintiff's trial, he met with plaintiff's counsel and, upon questioning, disclosed that he was previously licensed to practice law but had been disbarred (see Matter of O'Neill, 287 AD2d 199 [2001]). Plaintiff decided not to utilize defendants' services for trial, retained another appraiser and requested that defendants refund the money she had paid them.

After they refused, plaintiff commenced this action alleging tortious interference, fraud, breach of contract and negligence. Defendants answered, apparently one day late, prompting plaintiff to move for a default judgment. Supreme Court denied the motion and deemed the answer timely served nunc pro tunc. Approximately 10 months after the answer was served, defendants moved to dismiss the complaint and for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment. Supreme Court denied plaintiff's cross motion and granted defendants' motion, dismissing the complaint against O'Neill for lack of personal jurisdiction, dismissing the tortious interference claim for failure to state a cause of action and dismissing the remaining causes of action on summary judgment grounds. Plaintiff appeals.

---

* In the complaint, plaintiff misspelled O'Neill's name as James M. O'Neil.

Supreme Court erred in dismissing the complaint against O'Neill on personal jurisdiction grounds. Plaintiff did not effectuate proper substituted service on O'Neill because she failed to mail a copy of the pleadings to O'Neill after the process server left a copy with the president of Hafner Valuation at O'Neill's place of business (*see* CPLR 308 [2]). Despite the error in service and defendants having raised it in their answer, O'Neill waived his objection on this ground by failing to move for judgment on that basis within 60 days of serving the answer (*see* CPLR 3211 [e]; *State Farm Fire & Cas. Co. v Firmstone*, 18 AD3d 900, 901-902 [2005]). Thus, he was not entitled to dismissal on that ground.

The complaint fails to allege all of the elements of tortious interference with contract or tortious interference with prospective business relations. Plaintiff did not allege that she had a contract with any third party that defendants knew about and interfered with, nor that defendants used any wrongful means to secure a competitive advantage over or inflict harm upon plaintiff (*see Carvel Corp. v Noonan*, 3 NY3d 182, 189-191 [2004]; *NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621-622 [1996]; *Dune Deck Owners Corp. v Liggett*, 85 AD3d 1093, 1095 [2011]). Accordingly, Supreme Court properly dismissed the tortious interference claim.

Supreme Court properly granted summary judgment to defendants on plaintiff's fraud cause of action. "The elements of fraud include a misrepresentation that is false and that the defendant knows is false, made to induce the other party to rely on it, justifiable reliance on the misrepresentation by the other party, and injury" (*DerOhannesian v City of Albany*, 110 AD3d 1288, 1292 [2013], *lv denied* 22 NY3d 862 [2014]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]). Contrary to plaintiff's allegations, defendants never represented that O'Neill was a licensed attorney. O'Neill's CV states that he has a Juris Doctor degree, which is a true statement. The Court of Appeals has held that a person who is not licensed to practice law may identify himself or herself "by use of the letters J.D. following his [or her] name . . . [because] [t]he letters identif[y] him [or her] as one who ha[s] successfully completed a law school curriculum, not as a member of the Bar licensed to practice law" (*Matter of Rowe*, 80 NY2d 336, 342-343 [1992], *cert denied* 508 US 928 [1993]). Plaintiff does not allege any other active misrepresentations. An omission or concealment can constitute fraud, but only where the defendant had a duty to disclose the material fact alleged to be omitted or concealed (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at

179). The record does not disclose any fiduciary duty that would require defendants to inform plaintiff that O'Neill—who was hired as a real estate appraiser and litigation consultant, not as an attorney—had been disbarred. Accordingly, no triable issues of fact exist on the fraud cause of action.

Supreme Court properly dismissed the breach of contract cause of action. Initially, plaintiff failed to specify the provisions of the contract that were allegedly breached (*see Trump on the Ocean, LLC v State of New York*, 79 AD3d 1325, 1326 [2010], *lv dismissed and denied* 17 NY3d 770 [2011]; *Woodhill Elec. v Jeffrey Beamish, Inc.*, 73 AD3d 1421, 1422 [2010]). The cause of action could be dismissed based on that error alone (*see Woodhill Elec. v Jeffrey Beamish, Inc.*, 73 AD3d at 1422). Even if we liberally view the complaint as alleging a breach, the only contract here required defendants to appraise the property and provide reports that would be ready for court use. Plaintiff does not dispute that O'Neill provided the requested reports. Instead, plaintiff asserts that the appraisal reports were nullified based on O'Neill's status as a disbarred attorney. The disbarment would be fodder for cross-examination if he testified, but it does not render his reports inadmissible. O'Neill could have testified, and he informed plaintiff that he was willing and able to do so. Alternatively, plaintiff could have requested that another appraiser employed by Hafner Valuation testify. While plaintiff made a strategic choice to seek an appraiser from another company, defendants established that they did not breach the contract and plaintiff failed to raise an issue of fact regarding any alleged breach. Thus, the court properly dismissed that cause of action.

The negligence or negligent misrepresentation claim could not survive as it is based on the same alleged wrongful conduct as the breach of contract claim, rendering it duplicative, and defendants have no special relationship or legal duty to plaintiff other than their contractual relationship (*see Torok v Moore's Flatwork & Founds., LLC*, 106 AD3d 1421, 1422 [2013]; *Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 795 [2002]).

Lahtinen, J.P., Garry and Rose, JJ., concur. Ordered that the order is affirmed, without costs.