*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    December 11, 2014                    517903
_____

797 BROADWAY GROUP, LLC,
                    Appellant,

            v                                    MEMORANDUM AND ORDER

STRACHER ROTH GILMORE
    ARCHITECTS,
                    Respondent.
_____

Calendar Date:    October 8, 2014

Before:    Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____

        Tomaselli Law Offices, Poestenkill (Patrick J. Tomaselli of
counsel), for appellant.

        Sugarman Law Firm, LLP, Syracuse (Matthew D. Gumaer of
counsel), for respondent.

_____

Peters, P.J.

        Appeal from an order of the Supreme Court (Kramer, J.),
entered August 9, 2013 in Schenectady County, which granted
defendant's motion to dismiss the complaint.

        Plaintiff owns an office building in the City of
Schenectady, Schenectady County.  In response to a 2006 request
for proposals by the County of Schenectady to provide newly
constructed or renovated office space to house its Department of
Social Services and Job Training Agency, defendant, a
professional partnership that provides architecture services,
submitted a proposal to plaintiff to redevelop the premises.
Plaintiff accepted the proposal and also entered into a separate
agreement with the general contractor, BCI Construction, Inc.,

for construction administration and management services. Following substantial completion of the work, the County assumed use and occupation of the building in early 2009. Approximately three years later, the stucco facade of the building began to crack and fail, with delamination allegedly occurring over most of the building's exterior vertical surfaces.

In December 2012, plaintiff commenced this action, asserting claims sounding in strict liability, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, negligent design or review, breach of contract and negligent misrepresentation. In lieu of answering, defendant moved to dismiss all six causes of action in the complaint. As relevant here, defendant argued that the claims either failed to state a cause of action or that they were time-barred under the three-year statute of limitations applicable to claims of professional malpractice. Supreme Court granted defendant's motion, prompting this appeal.

Plaintiff argues that Supreme Court erred in determining that the contract at issue was not a turnkey or design-build agreement pursuant to which defendant was responsible for all aspects of designing and building the project, as opposed to only professional services. In "turnkey" or "design-build" construction projects, "an owner contracts with one entity to both design and build the project [and t]he turnkey builder is responsible for every phase of the construction from final design through subcontracting, construction, finishing and testing" (Robert A. Rubin, Sarah B. Biser & Catherine M.K. Brown, New York Construction Law Manual § 1:23 [33 West's New York Practice Series 2013]; see Richard K. Allen, Stanley A. Martin & Leah A. Rochwarg, Construction Law Handbook § 6.03 [A], at 134-135 [2d ed 2013]; see also Charlebois v Weller Assoc., 72 NY2d 587, 590-592 [1988]). The design-builder generally cannot shift liability and is the "single point [of] responsibility" under a design-build contract, because it is "the [d]esign-[b]uilder [who] has the responsibility of the preliminary and construction design, the responsibility of submitting a fixed sum for the construction of the project and the responsibility for holding the contracts with its trade contractors" (Richard K. Allen, Stanley A. Martin & Leah A. Rochwarg, Construction Law Handbook § 6.03 [A], at 134

[2d ed 2013] [emphasis added]).  As plaintiff asserts, it follows that nearly every design-build project involves the existence of two or more contracts – at least one among the members of the design-build team and one between the design-builder and the owner.  Here, however, it was not defendant, the purported design-builder, who held the separate contract with the general contractor, but plaintiff as the owner.  Hence, Supreme Court correctly determined that the parties had not entered into a design-build agreement, despite their mislabeling the agreement as such, because the critical factor in a design-build arrangement – that the owner has only a single contract with the design-builder – is absent.

Moreover, a review of the scope of services in the parties' agreement indicates that plaintiff contracted with defendant solely for professional services relating to the design of the renovations to be performed on plaintiff's building.  Indeed, plaintiff does not dispute that the duties set forth in the agreement were "[]consistent with an architect's ordinary professional obligations" (Matter of R.M. Klimet & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 542 [2004]), and the complaint characterizes the parties' agreement as one for "professional services."  In contrast, the complaint describes plaintiff's separate agreement with BCI as one for nonprofessional construction administration and management services, including the provision of all labor, materials, equipment and services necessary to perform the redevelopment work.

In light of the foregoing, we conclude that plaintiff's fourth and fifth causes of action – alleging that defendant was negligent and breached the parties' contract by failing to use reasonable care in rendering its professional services – essentially allege professional malpractice (see id. at 542-543; City of Binghamton v Hawk Eng'g P.C., 85 AD3d 1417, 1418 [2011], lv denied 17 NY3d 713 [2011]).  Such claims "'come[] within the purview of CPLR 214 (6),'" which sets forth a three-year statute of limitations for nonmedical malpractice, "'regardless of whether the theory is based in tort or breach of contract'" (City of Binghamton v Hawk Eng'g P.C., 85 AD3d at 1418, quoting Rev Assembly Mem in Support, Bill Jacket, L 1996, ch 623, at 6;

accord Matter of R.M. Klimet & Frances Halsband, Architects [McKinsey & Co, Inc.], 3 NY3d at 542).  We note that "'a claim for professional malpractice against an engineer or architect accrues upon the completion of performance under the contract and the consequent termination of the parties' professional relationship'" (City of Binghamton v Hawk Eng'g P.C., 85 AD3d at 1418, quoting Town of Wawarsing v Camp, Dresser & McKee, Inc., 49 AD3d 1100, 1101-1102 [2008]).  Defendant provided both invoices indicating that it last rendered services to plaintiff in early January 2009, and a certificate of substantial completion that was signed by plaintiff's representative that acknowledged that the work was "sufficiently complete in accordance with the [c]ontract [d]ocuments so that [plaintiff could] occupy" the premises as of December 19, 2008.  Plaintiff signed the certificate of substantial completion in March 2009; defendant signed it in April 2009.  Accordingly, in the absence of any contractual obligations extending beyond issuance of the certification of substantial completion, the running of the statute of limitations commenced in April 2009, at the latest (see State of New York v Lundin, 60 NY2d 987, 989 [1983]; City of Binghamton v Hawk Eng'g P.C., 85 AD3d at 1419; cf. Town of Wawarsing v Camp, Dresser & McKee, Inc., 49 AD3d at 1102-1104).  Inasmuch as plaintiff did not commence this action until December 2012, plaintiff's fourth and fifth causes of action are time-barred (see CPLR 214 [6]).

Plaintiff's remaining arguments do not require extended discussion.  With respect to plaintiff's causes of action for strict liability, breach of implied warranty of fitness for a particular purpose and breach of implied warranty of merchantability, it is settled that "no action lies for breach of implied warranty, or what is now known as strict product liability, on behalf of an owner against the architect with whom he [or she] has [a] contract" (Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389, 398 [1977] [superseded by statute on other grounds]; see Queensbury Union Free School Dist. v Walter Corp., 91 Misc 2d 804, 806-809 [Sup Ct, Warren County 1977]; see also Barnett v City of Yonkers, 731 F Supp 594, 601 [SD NY 1990]).  Thus, plaintiff's claims in that regard were properly dismissed for failure to state a cause of action (see CPLR 3211 [a] [7]).  Finally, plaintiff's claim for negligent misrepresentation was

also properly dismissed pursuant to CPLR 3211 (a) (7) because it "arise[s] from the same facts as the [architectural] malpractice cause[s] of action alleged in the complaint, and do[es] not allege distinct damages" (Iannucci v Kucker & Bruh, LLP, 42 AD3d 436, 437 [2007]; see Rochester Fund Muns. v Amsterdam Mun. Leasing Corp., 296 AD2d 785, 788 [2002]).

Plaintiff's remaining arguments have been considered and found to be lacking in merit.

Lahtinen, Garry, Rose and Lynch, JJ., concur.

ORDERED that order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court