McCarthy, J.P.
 

 Cross appeal from an order of the Supreme Court (Gilpatric, J.), entered January 5, 2017 in Ulster County, which, among other things, granted motions by defendants Reger Designs, Inc., Patricia Reger and Robert E. Zampolin & Associates for summary judgment dismissing the complaint against them.
 

 In April 2007, plaintiff Stefanie Luckow entered into a design-build agreement with defendant RBG Design-Build, Inc. to provide turnkey design and building services for construction of a large ski house. The design-build agreement provides that defendant Robert E. Zampolin & Associates (hereinafter RZA) would perform all architectural services. A few months later, Stefanie Luckow entered into a construction agreement with RBG to build the residence in the Town of Windham, Greene County for $4,460,000 and within 14 months. The scope of RBG’s work was later expanded to include interior design services. The interior design agreement between Stefanie Luckow and RBG provided that defendant Reger Designs, Inc. (hereinafter RDI) would “perform all interior design services under the management and administration of [RBG].” Plaintiff Robert Luckow has no ownership interest in the property and is not a party to any of the contracts related to the property, but acted as an agent for Stefanie Luckow, his daughter, on all aspects of the construction project. Stefanie Luckow terminated the construction agreement in July 2010, a decision allegedly reached after months of communications and meetings with RBG by her family and representatives notifying RBG of problems that were not addressed.
 

 Plaintiffs commenced this action in March 2011. RBG and its president, defendant Charles Rose, moved for summary judgment dismissing Robert Luckow as a plaintiff, and to dismiss the causes of action asserted against those two defendants on the ground that the pleading fails to state causes of action or, alternatively, for summary judgment. RBG and Rose further requested that Supreme Court grant them their reasonable costs and counsel fees. RZA moved for summary judgment dismissing the complaint against it. RDI and its president, defendant Patricia Reger, similarly moved for summary judgment. Supreme Court granted summary judgment dismissing Robert Luckow as a plaintiff and dismissing all causes of action against all defendants, except the first cause of action against RBG alleging breach of contract. Plaintiffs appeal, and RBG cross-appeals.
 

 It is undisputed that neither plaintiff entered into a contract with RZA nor RDI. Rather, RBG entered into contracts with each of those entities, as would be expected in a turnkey project. “In turnkey or design-build construction projects, an owner contracts with one entity to both design and build the project and the turnkey builder is responsible for every phase of the construction from final design through subcontracting, construction, finishing, and testing. The design-builder generally cannot shift liability and is the single point of responsibility under a design-build contract, because” the design-builder is responsible for all phases of construction, including “the responsibility for holding the contracts with its trade contractors” (797 Broadway Group, LLC v Stracher Roth Gilmore Architects, 123 AD3d 1250, 1251 [2014] [internal quotation marks, brackets, emphasis and citations omitted]).
 

 Generally, a party may not assert a cause of action for breach of contract against a person or entity with whom it is not in privity (see Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc., 64 AD3d 565, 576 [2009]; IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1357 [2008], lv denied 11 NY3d 706 [2008]). Without a contractual relationship and the resulting privity, plaintiffs could proceed against RZA or RDI only if plaintiffs were third-party beneficiaries of RBG’s contract with those entities or had the functional equivalent of privity (see Lake Placid Club Attached Lodges v Elizabethtown Bldrs., 131 AD2d 159, 161 [1987]). “[O]rdinarily, construction contracts are not construed as conferring third-party beneficiary enforcement rights” (id. at 162; see Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 656 [1976]).
 

 To prevail as third-party beneficiaries, plaintiffs had to establish “ ‘(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit, and (3) that the benefit to [them] is sufficiently immediate ... to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost’ ” (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011], quoting Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]; accord Saratoga Schenectady Gastroenterology Assoc., P.C. v Bette & Cring, LLC, 83 AD3d 1256, 1257 [2011]). The existence of the relevant contracts (one between RBG and RZA, and one between RBG and RDI) is not disputed. There is no indication that the parties to those underlying contracts intended to benefit Robert Luckow. Those contracts were entered into for the purpose of completing the construction project on Stefanie Luckow’s property, so they were intended for her benefit. Nevertheless, there is no indication that RZA or RDI assumed any duty to compensate Stefanie Luckow if any benefit from those contracts was lost. Indeed, the turnkey contract between Stefanie Luckow and RBG indicates that RBG bears the responsibility for its subcontractors and their potential errors or failure to perform (see 797 Broadway Group, LLC v Stracher Roth Gilmore Architects, 123 AD3d at 1251). Therefore, plaintiffs cannot recover against RZA or RDI under a third-party beneficiary theory. For the same reasons, to the extent that the concept of functional equivalent of privity is applicable to any of the causes of action, plaintiffs did not have the functional equivalent of privity with RZA or RDI. Accordingly, Supreme Court properly granted summary judgment dismissing the complaint against those parties.
 

 Similarly, Supreme Court properly granted summary judgment to Reger. Plaintiffs alleged that Reger wrongfully accepted payments for services that were not adequately performed and participated in a fraud conducted by RBG. Reger was not personally a party to any contract, but signed on behalf of RDI for its contract with RBG and performed interior design services in her capacity as an agent for RDI. Moreover, the record lacks factual information supporting plaintiffs’ assertion that Reger herself engaged in any fraud. Thus, the court properly dismissed the complaint against her.
 

 Turning to the motion by RBG and Rose, we first address their argument that Robert Luckow cannot be a plaintiff in this action. It is undisputed that he is not a party to any contract and does not own the property upon which the house was built. Therefore, he was not in privity with these defendants. As discussed above, he was not a third-party beneficiary. While plaintiffs assert that Robert Luckow is a proper plaintiff because he represented Stefanie Luckow in relation to the contract and construction project, a parent or agent of a homeowner does not have a cognizable interest in that homeowner’s construction contract and is not a proper party to an action related to such contract. Supreme Court therefore properly dismissed all causes of action alleged by Robert Luckow.
 

 Considering the claims against RBG, Supreme Court did not err in denying summary judgment on the breach of contract cause of action. The record contains conflicting factual information regarding, among other things, whether the work was completed in a workmanlike fashion, the timeliness of the project’s progress and whether RBG properly billed for completed services or overbilled (either intentionally or inadvertently). Additionally, plaintiffs assert that RBG violated the contract by billing for numerous changes despite the lack of any signed change orders, whereas RBG asserts that plaintiffs waived that requirement by agreeing to the changes and paying for them (see Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc., 64 AD3d at 576; Austin v Barber, 227 AD2d 826, 828 [1996]; see also Joseph F. Egan, Inc. v City of New York, 17 NY2d 90, 96 [1966]; Tridee Assoc. v New York City School Constr. Auth., 292 AD2d 444, 445 [2002]). Triable issues of fact exist, such that the court properly denied summary judgment on the breach of contract cause of action. Because no party has yet prevailed on the ultimate question, at this time RBG is not entitled to recover counsel fees under the relevant contractual provision.
 

 As for the other causes of action against RBG, plaintiffs argue on appeal that the contract failed to comply with the General Business Law, but that argument was not included in the complaint. RBG owed no legal duty separate and distinct from a contractual duty to Stefanie Luckow, such that all but one of the other claims were duplicative of the breach of contract allegations and thereby properly dismissed (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389-390 [1987]; Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1042 [2014]; RKB Enters. v Ernst & Young, 182 AD2d 971, 971-972 [1992]).
 

 The one claim that could be separately stated here is fraudulent inducement. Where such a claim addresses words or actions relayed before a contract came into existence, the claim can stand alone because it is not redundant of a claim that the contract was breached (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995]; Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986]; 84 Lbr. Co., L.P. v Barringer, 110 AD3d 1224, 1226 [2013]; Gizzi v Hall, 300 AD2d 879, 880 [2002]; Shlang v Bear’s Estates Dev. of Smallwood, N.Y., 194 AD2d 914, 915 [1993]). A fraudulent inducement cause of action requires proof that the defendant made a misrepresentation that was known to be false and made with the purpose of inducing the plaintiff to enter a contract, justifiable reliance on the false representation and related damages (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; New York Univ. v Continental Ins. Co., 87 NY2d at 318; Mora v RGB, Inc., 17 AD3d 849, 852 [2005]; Gizzi v Hall, 300 AD2d at 880). The misrepresentations alleged in the pleadings—which need to be stated with particularity (see CPLR 3016 [b])—must be misstatements of material fact or promises made with a present but undisclosed intent not to perform, rather than a mere statement of future intent (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d at 956; Mora v RGB, Inc., 17 AD3d at 852; Shlang v Bear’s Estates Dev. of Smallwood, N.Y., 194 AD2d at 915).
 

 Plaintiffs’ allegations of fraudulent inducement by RBG were not well particularized (see CPLR 3016 [b]). Lack of particularity dooms the general statement that RBG misrepresented its degree of expertise and competence with regard to this project. The other allegations relate to statements of future intent that are not actionable. Thus, Supreme Court appropriately dismissed the fraudulent inducement cause of action against RBG.
 

 Supreme Court partially erred, however, in granting summary judgment dismissing the causes of action against Rose. Although Rose, himself, is not a party to any relevant contract, “[i]n actions for fraud, corporate officers and directors may be held individually liable if they participated in or had knowledge of the fraud, even if they did not stand to gain personally” (Polonetsky v Better Homes Depot, 97 NY2d 46, 55 [2001]). In the first cause of action against Rose, plaintiffs allege that they were fraudulently induced to enter the contract based upon Rose’s allegedly false assertions that he was an “engineer, designer and builder” and that he would personally supervise all work. Plaintiffs also allege that Rose is not a licensed engineer. The record establishes that Rose has a degree in engineering, has been engaged in the construction field as a designer and builder for many years and has never told anyone he was licensed in any field. Thus, he did not make any false representations. As for his statement about supervising all work, the record indicates that he did oversee the project, so this also was not a false statement. In any event, to the extent that he did not supervise any of the work under the contract, this statement was a “nonactionable promise to perform a future act” and there is no indication that he did not intend to carry out that duty when he made the statement (Nastro Contr. v Agusta, 217 AD2d 874, 875 [1995]).
 

 In the second cause of action against Rose, plaintiffs allege that Rose knew the construction work was either not performed or performed improperly, but he continued to bill plaintiffs for the nonconforming or incomplete work. The alleged misrepresentations were made after the contract was executed and could not have induced its formation. Nevertheless, these allegations are sufficient to state a cause of action for fraudulently inducing plaintiffs to pay bills that were purportedly inflated (see Kosowsky v Willard, Mtn., Inc., 90 AD3d 1127, 1129 [2011]). Rose testified that he billed for estimated percentages of completed work, plaintiffs could have asked him to explain the bills, and, if he made any billing errors, they were inadvertent. Plaintiffs submitted proof that Rose had billed for 85% of the contract costs (including increased amounts for changes based on unsigned change orders), but the subsequent contractor determined that the project was only 50% complete when plaintiffs terminated the contract. The record contains evidence indicating that the bills were vague and difficult to comprehend. Robert Luckow averred that he did not fully understand the bills, but paid them in reliance on Rose’s assertion in those bills that certain percentages of the project had been completed. Under the circumstances, questions of fact exist as to whether Rose fraudulently induced payment of bills by Stefanie Luckow’s agent for work that was not performed. Hence, it was error to grant summary judgment dismissing that cause of action against Rose.
 

 Lynch, Devine, Mulvey and Aarons, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of the motion by defendants RBG Design-Build, Inc. and Charles Rose for summary judgment dismissing the second cause of action against Rose for fraudulent inducement; motion denied to said extent; and, as so modified, affirmed.