VICTOR MARRERO, United States District Judge
This matter came before the Court for a trial by jury from September 26, 2018 until September 28, 2018, when the jury returned a verdict in favor of Defendant White Fox Ventures, Inc. ("White Fox") on the claim of Plaintiffs Breathe LLC, Tyler Glover, and Vesslar Global Partners LLC (collectively, "Plaintiffs") alleging breach of the contract that settled prior litigation between Plaintiffs and White Fox. (See"Settlement Agreement," Dkt. No. 20-2.)
Upon the conclusion of the presentation of evidence, the parties cross-moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure (" Rule 50(a)"). After hearing arguments from the parties on the matter, the Court reserved judgment on the motions and permitted the jury to deliberate. After the jury returned a verdict finding no liability for White Fox, Plaintiffs renewed their motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure (" Rule 50(b)"). White Fox's motion remains pending before the Court notwithstanding the verdict in its favor, because the verdict included a finding that White Fox breached the contract. (See"Verdict Form," Dkt. No. 134.) Under the Settlement Agreement, this finding precludes White Fox from obtaining attorney's fees from Plaintiffs. (Settlement Agreement ¶ 19.)
I. DISCUSSION
A. Legal Standard
Rule 50(a) allows a party to move for judgment as a matter of law at any *261 time before the case has been submitted to the jury. See Wimmer v. Suffolk Cty. Police Dep't, 176 F.3d 125, 134 (2d Cir. 1999). A court may grant a motion for judgment as a matter of law if there is no legally sufficient evidentiary basis to support the non-moving party's claim or defense. See id.; Fed. R. Civ. P. 50(a). In assessing the merits of a Rule 50(a) motion, courts must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-movant's favor. See Wimmer, 176 F.3d at 134. Similarly, to prevail on a post-verdict renewed motion for judgment as a matter of law under Rule 50(b), "the movant must show that the evidence, when viewed most favorably to the non-movant, was insufficient to permit a reasonable juror to have found in the non-movant's favor." Conte v. Emmons, 895 F.3d 168, 171 (2d Cir. 2018).
B. Plaintiffs' Breach of Contract Claim
Plaintiffs sued White Fox for breach of contract. The elements of a breach of contract claim required Plaintiffs to prove by a preponderance of the evidence that: (1) a contract existed; (2) Plaintiffs did everything that they were required to do under the Settlement Agreement and did not waive any rights they had under it; (3) White Fox breached the Settlement Agreement by failing to perform White Fox's obligations under it; and (4) White Fox's breach of the Settlement Agreement caused damages to Plaintiffs. See McCormick v. Favreau, 82 A.D.3d 1537, 919 N.Y.S.2d 572, 577 (App. Div. 3d Dep't 2011).
Here, Plaintiffs' theory was that White Fox breached the Settlement Agreement by (1) failing in good faith to attempt to sell certain e-cigarette inventory; (2) destroying the same e-cigarette inventory prematurely; (3) failing to turn over a domain name; (4) failing to provide accountings to Plaintiffs regarding any sales of the e-cigarette inventory; and (5) obstructing Plaintiffs' ability to sell White Fox stock. In response, White Fox denied that it breached the contract and argued that it was not liable for the independent reason that Plaintiffs themselves failed to perform under the Settlement Agreement, including by failing to engage in a joint effort to sell the e-cigarette inventory. White Fox also argued that Plaintiffs waived their rights to recover for the alleged breaches related to the sale of the e-cigarette inventory and the transfer of the domain name. These competing theories were extensively litigated at trial.
II. APPLICATION
Having examined the evidence presented at trial, the Court finds that a reasonable jury could have found for Plaintiffs or White Fox. For example, reasonable jurors could differ on whether the evidence showed that White Fox made a good faith attempt to sell the e-cigarette inventory, as well as on whether it showed that Plaintiffs engaged in a joint effort to sell that inventory. Similarly, reasonable jurors who believed White Fox failed to perform could differ on whether that failure actually caused Plaintiffs damages. Among other things, such a determination would have required the jury to decide what weight to give Plaintiffs' submissions regarding the value of the e-cigarette inventory and/or the loss or harm associated with the turnover of the domain name.
The Court therefore finds no grounds to reject the verdict and declines to take these triable factual inquiries away from the jury. The parties' cross-motions for judgment as a matter of law are therefore denied and Plaintiffs' renewed motion for judgment as a matter of law is also denied.
III. ORDER
For the reasons set forth above, it is hereby *262 ORDERED that the motion of defendant White Fox Ventures, Inc. for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure is DENIED ; and it is further
ORDERED that the motion of plaintiffs Breathe LLC, Tyler Glover, and Vesslar Global Partners LLC for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure is DENIED ; and it is further
ORDERED that the renewed motion of plaintiffs Breathe LLC, Tyler Glover, and Vesslar Global Partners LLC's for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure is DENIED .
The Clerk of Court is directed to enter judgment in accordance with the jury's verdict dismissing the complaint in this action, to terminate any pending motions, and to close this case.
SO ORDERED.