THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PAGANO, Appellant.— Defendant appeals from an order of the County Court, Nassau County, denying his motion to vacate a judgment of said court convicting him of the crime of larceny in the first degree as a second offender. Appeal dismissed as academic in view of the reversal of the judgment of conviction. (See *People* v. *Pagano, ante,* p. 1075, decided herewith.) Nolan, P. J., Wenzel MacCrate, Beldock and Murphy, JJ., concur.

**█**

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CELIA SEINFELD, Appellant.— Defendant appeals from a judgment of a City Magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting her of violating sections 8, 170, 300, 301 and 302 of the Multiple Dwelling Law, in that she unlawfully altered and converted a private dwelling into a multiple dwelling for use by four families without a permit. Defendant was sentenced to pay a fine of $250 or to serve thirty days in the City Prison. The fine was paid. Judgment reversed on the law, fine remitted, and a new trial ordered. At the trial defendant offered in evidence (a) two letters from the department of housing and buildings, and (b) three certificates issued by the County Clerk of Kings County, which documents defendant claims purported to show that the premises were occupied by three separate families prior to the enactment of the Multiple Dwelling Law, and by reason thereof were not subject to the provisions of the statute subsequently enacted. The court excluded this offer of proof. While it was proper to exclude the two letters from the department as being irrelevant, we hold, without passing upon the conclusiveness of these exhibits, that the refusal of the court to admit into evidence the documents from the County Clerk's office was substantial error. Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

**█**

CARMELA RANNO, Respondent, v. SEBASTIAN RANNO, Appellant.— In this action by a wife for a separation, the defendant appeared specially and moved to set aside the service of the summons and complaint upon him and to dismiss the action, pursuant to section 237-a of the Civil Practice Act, upon the ground that the service of process was insufficient and upon the further ground that he is a person not subject to the jurisdiction of the court. Upon conflicting affidavits, the court set the matter down for a hearing and directed defendant and his witnesses and plaintiff's witnesses to appear personally thereat. Upon motion by defendant, said order was resettled to the extent of allowing his witnesses to be examined in the city of Miami Beach, Florida, by way of written interrogatories. Defendant appeals from so much of said resettled order as denied his application to have his testimony taken by way of written interrogatories and directed him to appear personally at the hearing. Order modified by striking from the first decretal paragraph the words "to the extent only of allowing" and adding in lieu thereof the words "allowing the defendant and", and by striking from said paragraph the words "otherwise said motion is denied in all other respects", and by striking therefrom the second decretal paragraph. As so modified, order affirmed, without costs. Upon the papers herein, we are of the opinion that, under all the circumstances, it was an improvident exercise of discretion to require defendant to appear personally at the hearing. Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ., concur.