KRISTIN LIEBL, Respondent, v. JAMES M. LIEBL, Appellant.— In an action for a separation and for a declaratory judgment, the defendant, appearing specially, appeals from so much of an order as denies his motion to vacate and set aside the service of the summons, verified complaint, order to show cause and attached affidavits requesting temporary alimony and counsel fees, or, in the alternative, for a traverse as to the issue of service. The appellant was served in Florida and contends that his domicile is in Florida and not in New York. Upon the appeal he concedes that the court has "jurisdiction to the limited extent of having jurisdiction of the matrimonial action" but challenges that portion of the order that would give in personam jurisdiction to the court "so that the Court could award a money judgment against the defendant-appellant in such matrimonial action, or grant permanent or temporary alimony or counsel fees against the defendant-appellant." Order modified by striking out all of the first ordering paragraph after the word "complaint" and before the word "be", and by striking out everything after the word "denied" in the first ordering paragraph, and the remaining ordering paragraphs. As so modified, order affirmed, without costs, and the motion insofar as it seeks to set aside the service of the order to show cause is remitted to Special Term for determination after a hearing and finding by Special Term or as otherwise provided by section 237-a of the Civil Practice Act of the question: Was the defendant domiciled in the State of New York at the time of the service of the papers upon him in Florida? The place of defendant's domicile cannot be determined on the affidavits in this record. Nolan, P. J., Wenzel, MacCrate, Beldock and Ughetta, JJ., concur.

■

R. J. MARSHALL, INC., Respondent, v. TURNER CONSTRUCTION COMPANY, Appellant.— Defendant appeals from an order denying its motion to strike the action from the jury calendar and to place it on the nonjury calendar. The original complaint contained four causes of action to recover damages and one for reformation of a contract. Plaintiff served a note of issue for a jury trial for the term beginning December 6, 1954. Defendant moved to strike the cause from the jury calendar by notice of motion dated November 19, 1954, returnable December 6, 1954. On November 23, 1954, plaintiff amended the complaint, as of right, so as to eliminate the cause of action for reformation. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur. [207 Misc. 490.]