Evelyn Lansdale, Respondent, *v.* Robert Lansdale, Appellant.

Third Department, April 4, 1956.

*Eugene P. Devine* for appellant appearing specially.

*Evelyn Lansdale,* respondent in person.

Bergan, J. P. The parties formerly lived in New York as husband and wife. Plaintiff wife continues to be a resident of this State. Defendant husband claims residence in Florida. On April 11, 1955, the summons and complaint in this separation action was served on defendant in Florida in pursuance of section 235 of the Civil Practice Act. Proof of service was filed in the clerk's office May 9, 1955, and service therefore became " complete ", within the scope of section 235, ten days later on May 19th.

On May 17th defendant served a notice of motion to strike out the second cause of action purported to be in pursuance of section 237-a of the Civil Practice Act on the ground such cause seeks personal judgment and because it was claimed the court had acquired no personal jurisdiction of defendant. At the same time defendant served a notice of special appearance " solely to challenge the jurisdiction " of the court over his person.

This motion has been denied by the Special Term, not on the merits, but on the ground it was not made in time. The Special Term held that the time in which the motion must be made, i.e., within " twenty days after service of the complaint " (§ 237-a, subd. 5) began to run from the time of service of the summons and complaint in Florida rather than from the time service was " complete " under the statute.

We think that the twenty days within which the motion could be made did not begin to run until the time when service was complete. Section 235 requires that the complaint be served

with the summons where service is made outside the State without an order; and it is not possible to effect service under that section without serving the complaint simultaneously with the summons.

The time when the service is " complete " is therefore fixed in a unitary sense as to both the summons and the complaint. Section 235 does not provide that service of the summons merely is " complete " within the prescribed time after filing; but that " [s]ervice * * * is complete "; and this sweeps in together service of the complaint as well as the summons. The provisions of subdivision 5 of section 237-a fixing a time limit beginning with the " service of the complaint " must be read along with the language of section 235 as to when that service of the complaint is complete, when service is made personally without the State without order.

The alternative would breed endless procedural confusion and import new difficulty to the practice. An answer must be served, for example, within twenty days after a copy of the complaint has been served on defendant (Civ. Prac. Act, § 263). The construction adopted at Special Term would require that the answer be served when service of the summons and complaint were made pursuant to section 235 within twenty days of the extra-jurisdictional service, without regard to when service is " complete " and, if the logic is carried to the end, without regard to whether it is or is not " complete ".

It has been said, for example, that the ten-day period fixed by a statute before service is complete is a " matter of grace " to allow actual notice to a nonresident " before the beginning of the twenty-day period allowed to defendant to answer " (*Cooper* v. *Amehler,* 178 Misc. 844, 846). (See, also, *Barron* v. *Winchester Broadcasting Corp.,* 201 Misc. 586; *Schram* v. *Keane,* 279 N. Y. 227.) It has been held improper to enter an interlocutory judgment and order a reference until after 10 days from the filing of an admission of service made outside the State. (*Cahill* v. *Cahill,* 131 Misc. 99, 104.) The construction in some of these cases by which the running of a Statute of Limitations is regarded as stopped by the first steps taken in the service of process is certainly not to be applied to cut down the twenty-day period fixed by the statute for a defendant to answer, or move in relation to the complaint after service is complete. The objection by defendant husband to jurisdiction of his person must, therefore, be determined on the merits.

Section 237-a provides two procedural methods in which jurisdiction of the person may be tested. One is by moving to strike out service of process. This is well enough understood

and was intended to apply to a situation where the court had no jurisdiction either of the *rem* of the action or of the person of the defendant. Process in such a case could bring no benefit to the plaintiff. The other is by a motion " to strike out part " of the complaint.

A motion to strike out " part " of the complaint, not specifically tied into an attack upon a cause of action falling within one of the specific forms of insufficiency or impropriety, well understood by the profession, is a novation in the practice. In that part of section 237-a authorizing the motion addressed to the pleading and prescribing how the motion is made there is no specification or amplification of what " part " of the complaint the motion may attack to reach the jurisdictional question.

Only when it is seen what the court may do with the motion (subd. 3, par. [a]) does it becomes apparent by inference that the motion may be addressed to the prayer for relief. This, of course, is a " part " of the complaint, but the motion is an entirely new departure in the practice. The court may order struck out of the complaint " all or part " of the prayer for relief if the relief sought is beyond the court's jurisdiction.

The underlying explanation is given by the Judicial Council which sponsored the amendment (L. 1951, ch. 729). " Should the complaint run partly in rem and partly in personam, however, with the court having in rem jurisdiction, the proper motion will be one to strike out that part (*i.e.*, the in personam part) of the complaint which is beyond the jurisdiction of the court " (Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 61). The Judicial Council made it clear that it regarded a motion addressed to the prayer for relief as the appropriate way to reach the " in personam " part of some pleadings.

It is apparent that the procedural efforts of the Judicial Council draftsmen were directed in part toward answering a problem inferentially suggested by *Jackson* v. *Jackson* (290 N. Y. 512). (Sixteenth Annual Report of N. Y. Judicial Council, 1950, pp. 204, 205.) This problem was how to raise the question of personal jurisdiction in a truly " ' hybrid ' " action where pleaded in a single cause was an action which under some circumstances might result in an in personam judgment and in others might result in a judgment in rem and in which, therefore, neither the process should be vacated nor the pleaded cause dismissed.

A good example of such an action is the one now before us. In her action for a separation, plaintiff having a domicile in New York, there is jurisdiction of the marital *res* and the action

is properly maintainable by service without the State. There is "full jurisdiction to fix the marital status" (*Matthews* v. *Matthews,* 247 N. Y. 32, 34). Falling within this definition is an action for a separation (*Odiens* v. *Odiens,* 265 App. Div. 641).

But where the defendant is not also domiciled in New York no personal judgment for alimony will be granted. (*Rigney* v. *Rigney,* 127 N. Y. 408; *Odiens* v. *Odiens, supra.*) Where he, as well as the wife, is domiciled in New York, however, a personal judgment for alimony may be granted even though process was served outside the State. (*Milliken* v. *Meyer,* 311 U. S. 457; *Ellsworth* v. *Ellsworth,* 189 Misc. 776, 778.)

Two causes of action are pleaded in the complaint before us. The first is based on nonsupport; the second on cruel treatment. A single prayer for relief seeks judgment of separation and alimony. The motion by defendant under section 237-a was made merely to dismiss the second cause of action. If the motion was available as to this cause it was equally available as to the first cause of action. The causes are not distinguishable as far as jurisdiction of the person is concerned, i.e., if the court had jurisdiction of defendant's person as to the first cause for nonsupport concerning which no motion is made, it certainly had jurisdiction as to the second cause against which the defendant moved.

Since it is obvious that the court had jurisdiction of the marital *res* because of plaintiff's residence, it would seem probable that the "part of the complaint" to which the motion should have been addressed was so much of the prayer for relief as would be read to include a demand for judgment in personam. This would mean the part seeking permanent and temporary alimony, but not the part seeking an adjudication of separation per se. The framers of the statute, at least, seem to have had this in mind in eliminating the "looseness and uncertainty" of the former practice by section 237-a (Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 205).

But the New York Bar has never been accustomed to motions to strike out a prayer for relief and the practice certainly never heretofore countenanced any such motion. Even this section does not in terms authorize a party to make such a motion, although it authorizes the court to make such an order on a motion to strike out a "part" of a complaint.

When, therefore, the defendant moved to strike out the second cause of action, stated that the motion was grounded on absence of personal jurisdiction, and accompanied this with a notice of special appearance provided for by section 237-a, it was literally a motion to strike out a "part" of the complaint,

and a sufficient compliance with the purposes of the section to bring the motion within its scope.

The court, if it determined that it had jurisdiction of the cause of action attacked but not of the in personam part of the relief sought, could, upon hearing the motion on the merits, make an appropriate direction as to the prayer for relief (§ 237-a, subd. 3, par. [a]). It could strike out that part of the relief which would depend on jurisdiction of the person, in this case the request for direction of payment of alimony. If, on the other hand, it found on inquiry that defendant was domiciled in New York when served in Florida, it would leave both the cause of action and the prayer for relief stand.

This inquiry should, therefore, be made in plenary form by the court at Special Term and a determination reached on the merits of the court's jurisdiction over the person of the defendant. This is not to be regarded as a direction that defendant appear personally as a witness upon the inquiry (*Ranno* v. *Ranno,* 283 App. Div. 1076). His testimony may be taken by deposition.

When the defendant by motion under section 237-a raised the question of personal jurisdiction over him, a "stay [of] all further proceedings" became operative under the provisions of subdivision 5 of the section. It is provided, however, that the court may vacate or modify this statutory stay by motion on notice.

The order sequestering defendant's property was obtained by motion based on an order to show cause and on notice to the attorneys for defendant. The moving papers set forth fully the pendency of the proceedings taken by defendant to challenge personal jurisdiction of him in the action. With these facts before it, the court at Special Term granted the motion for sequestration.

To the extent that the granting of the motion on notice be deemed a modification of the statutory stay, we think that the application on notice was a sufficient compliance with the statute; and the court had the power to grant the order of sequestration. We are led thus to examine the merits of the question whether the court should have granted the order of sequestration without waiting for a determination of the issue of personal jurisdiction raised by defendant's application.

The right to sequestration would not be affected one way or another by the determination of the question of personal jurisdiction over the defendant; and the granting or refusal of sequestration would neither prejudice the issue of personal jurisdiction nor impede or obstruct the inquiry into that subject.

If the court determined that it had personal jurisdiction it could sequester defendant's property within its reach; if it had no personal jurisdiction, but jurisdiction of the marital status, it could do the same thing.

Indeed, the process of attachment or of sequestration is often the means, and the only means, by which the court can enforce its judgments where it has jurisdiction of the marital status, but no personal jurisdiction of the defendant. In those circumstances the court was justified in granting the order of sequestration.

Since sequestration provides an area in which, to the extent of property coming within reach of the court, temporary alimony and counsel fees could be directed without personal jurisdiction of defendant, the court could, on due notice to defendant, entertain an application for such a direction without awaiting a determination of the issue of personal jurisdiction and in entertaining the motion is deemed to have modified the statutory stay to this extent.

Defendant firmly took the position that the court could not make this determination and therefore did not deal with the merits of what measure of support, if any, should be directed in aid of the plaintiff during the pendency of the action; and hence the issue was determined by the Special Term without adversary presentation on the merits.

Before the decision on the motion for alimony and counsel fees was actually made, however, the statutory stay had expired, upon the decision adverse to defendant of the jurisdictional motion. There were thereafter some stays in this court which are not controlling now; when the Special Term decided the question of alimony and counsel fees no stay was outstanding. If the motion addressed to personal jurisdiction were treated by the Special Term as we now treat it, it is clear that there was power to grant alimony and counsel fees to the extent of the property taken in sequestration.

Our view of the effect of the statute is that defendant could have contested the motion for alimony and counsel fees on the merits without prejudicing his contention of lack of personal jurisdiction from the time his motion raising the question of personal jurisdiction was denied. The Special Term did allow him to be heard on the merits after it had denied the jurisdictional motion. The statute provides that " [a]fter " a motion made under section 237-a has been " denied " the defendant may litigate the action " on the merits without being deemed to have waived his objection to the court's jurisdiction over his person " (subd. 4).

This statutory preservation of his point of personal jurisdiction would continue, whatever the direction the litigation might take, or whatever questions the defendant might think it appropriate to raise. The preservation is stated in very general terms. The defendant may litigate "the action" on the "merits" without waiver (subd. 4).

This would include the right to question the propriety and the amount of temporary alimony granted upon the theory of attachment, or to be enforced on the strength of an attachment, although prior to the enactment of section 237-a it was usual to deem any such submission by a defendant as a waiver of the point of personal jurisdiction.

But where the order denying a motion made in pursuance of section 237-a is modified or reversed on appeal, is remitted to and is pending at Special Term, the situation is again what it had been at the time the motion was made and before it was "denied". The statutory preservation of rights "[a]fter" the denial of the motion, prescribed by subdivision 4, is no longer operative; and steps taken by a defendant in the litigation, such as a motion to reconsider the granting of alimony and counsel fees would not come within the protective provisions of the subdivision against waiver.

But if the motion be deemed again pending, the statutory stay of "all further proceedings" on behalf of the plaintiff under subdivision 5 likewise is deemed reinstated. The power of the court on notice to modify this stay may properly be exercised where there are exigent reasons shown to protect a party during the original pendency of a motion addressed to personal jurisdiction. There may be circumstances where the motion, because of the nature of the issues on the inquiry, cannot be immediately determined.

In a matrimonial action, for example, there may be a pressing need for support and for counsel fees while the motion on personal jurisdiction is being contested. The court could, in a proper case, modify the statutory stay on condition the plaintiff stipulate that defendant be permitted to contest on the merits the right of plaintiff to temporary alimony and counsel fees without waiving the question of personal jurisdiction, until the defendant's motion addressed to personal jurisdiction be decided.

On remission on appeal of this motion to the Special Term, with the stay reinstated, plaintiff may move to modify the stay to allow enforcement of alimony and counsel fees against the sequestered fund; and it would seem a proper condition to the granting of such a modification, that it be stipulated defendant

may, if he is so advised, move for a reconsideration of the propriety and amount of the allowances which have been made, without prejudice to his motion addressed to personal jurisdiction.

The order denying defendant's motion addressed to part of the complaint should be modified to deny so much thereof as is deemed addressed to the jurisdiction of the court over the marital status; and by directing that inquiry be held at Special Term as to the jurisdiction over the person of defendant; the order granting sequestration should be affirmed; and the order granting temporary alimony and counsel fees should be modified by providing that it be without prejudice to a motion addressed by defendant to the question of temporary alimony and counsel fees in accordance with this opinion; and, as thus modified, the order should be affirmed; all, without costs. The orders to be entered should be settled.

Coon, Halpern, Zeller and Gibson, JJ., concur.

Order denying defendant's motion addressed to part of the complaint modified, on the law and facts, to deny so much thereof as is deemed addressed to the jurisdiction of the court over the marital status; and by directing that inquiry be held at Special Term as to the jurisdiction over the person of the defendant, and as so modified, affirmed; the order granting sequestration is affirmed; and the order granting temporary alimony and counsel fees is modified, on the law and facts, by providing that it be without prejudice to a motion addressed by defendant to the question of temporary alimony and counsel fees in accordance with this opinion; and, as thus modified, the order is affirmed; all, without costs.

Settle orders to be entered on notice.