Bernard S. Meyer, J.
Plaintiff, injured at a Florida motel, brings this action against the motel for his personal injury. Service was made upon an employee of National Hotel Representatives, Inc. and the present motion seeks to vacate that service. The moving affidavits are of the employee served, the president of National Hotel Representatives, Inc., both New York residents, and the managing agent of the motel, a Florida resident. They establish the same relationship between the motel and National Hotel Representatives, Inc. as existed between Broadway Resort Service and the Belmar Hotel in Miller v. Surf Props. (4 N Y 2d 475) except that in the instant case, National is paid by commission rather than flat fee, and except that they do not show who places or pays for newspaper advertising and telephone listings. Plaintiff’s answering affidavit alleges that defendant has a permanent listing in the New York City directory, consistently advertises in New York *549 papers, and advertises a New York office at 220 W. 42nd Street, all of which elements were present in the Miller case. It then refers to the payment of commissions and the exercise of discretion in placing ads and telephone listings as “ additional grounds for alleging the doing of business within this State ” and requests that a hearing be held and an officer of defendant required to appear.
To require an officer of defendant to be personally present at any such hearing would, it appears, be an improvident exercise of discretion (Ranno v. Ranno, 283 App. Div. 1076). Further, while subdivision 3 of section 237-a of the Civil Practice Act authorizes such a hearing and hearings are generally held in such cases (Ranno v. Ranno, supra; Liebl v. Liebl, 285 App. Div. 1164; Genovese v. Roan, 1 A D 2d 935; Shippey v. Berkey, 4 A D 2d 739; Knoll v. Knoll, 6 A D 2d 1030), there is no absolute right to such a hearing. Subdivision 3 of section 237-a of the Civil Practice Act provides that ‘ ‘ If the plaintiff on the hearing of the motion shall by affidavit deny the facts alleged by the defendant or state facts tending to obviate the objection, the court may” hear and determine the objection or direct that it be tried by a jury or referee or overrule the objection, and, in its discretion, allow the same facts to be pleaded in the answer. The quoted language was adopted from rule 108 of the Buies of Civil Practice (Seventeenth Annual Beport of N. Y. Judicial Council, 1951, p. 61). From that fact and from the language itself, it is thus clear that a hearing is required only if plaintiff’s affidavit raises an issue of material fact. In the instant case plaintiff has not denied any facts alleged by the defendant. He has attempted to “ state facts tending to obviate the objection ” with respect to the payment of commissions and the placing of and payment for ads and telephone listings. Those facts would not obviate the objection since they do not show that National was anything ‘ ‘ more than a travel agency. ’ ’ (Miller v. Surf Props., supra.) The motion is, therefore, granted. Short-form order signed.