**Mamo v Integrated Indus. Contr., LLC**

2024 NY Slip Op 33399(U)

September 30, 2024

Supreme Court, Tioga County

Docket Number: Index No. 2023-00062995

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York, on the
10th day of May 2024.

PRESENT:   HON. EUGENE D. FAUGHNAN
           Justice Presiding

STATE OF NEW YORK
SUPREME COURT : COUNTY OF TIOGA

---

LOUIS S. MAMO,

                    Plaintiff,                    **DECISION AFTER MOTION**

vs.                                                Index No. 2023-00062995

INTEGRATED INDUSTRIAL CONTRACTING, LLC,
BRIAN M. DAVIS, Individually
MARC WALOWITZ, Individually,
PCI, INC., PETER CUMMINGS, Individually,
JM ALBAINE ENGINEERING,
JOSE-MIGUEL ALBAINE, Individually

                    Defendants.

---

Counsel for Plaintiff:                BRADLEY S. DOUGLAS, ESQ.
                                      Law Office of Bradley Douglas
                                      8 The Glen
                                      Glen Head, NY 11545


Counsel for Defendants PCI, INC.,     CATHERINE KEENAN, ESQ.
PETER CUMMINGS and                    Philip Russell LLC
JOSE-MIGUEL ALBAINE:                  1 River Road
                                      Cos Cob, CT 06807

                                      KATHRYN A. DONNELLY, ESQ.
                                      Levene Gouldin & Thompson, LLP
                                      450 Plaza Dr.
                                      Vestal, NY 13850


Defendant MARC WALOWITZ,              3471 Waverly Road
pro se:                               Owego, NY 13827


1

Defendant BRIAN M. DAVIS,
pro se:

303 Big Timber Canyon
Big Timber, Montana 59011

25 Lilac Lane
Danbury, CT 06810
Integrated Industrial Contracting, LLC
1511 Route 22, Suite 237
Brewster, NY 10509

**EUGENE D. FAUGHNAN, J.S.C.**

There are three motions for the Court to resolve in regard to this case, with the issues of jurisdiction and heightened pleading requirements for fraud actions being common to all of them.[1] The first motion, made by Defendants Peter Cummings, Inc. ("PCI"), Peter Cummings, individually, and Jose-Miguel Albaine, seeks dismissal of the original Complaint pursuant to CPLR 3211 (a)(7) [failure to state a cause of action] and (a)(8) [personal jurisdiction]. The second motion, made by the same Defendants, seeks dismissal of the Amended Complaint on the same grounds. The third motion, made by Defendants Integrated Industrial Contracting, LLC ("Integrated") and Brian M. Davis, also seeks dismissal of the Complaint under CPLR 3211 (a)(7) and (a)(8), as well as CPLR 327(a) [inconvenient forum]. Plaintiff, Louis S. Mamo, filed a single affidavit, with attached exhibits, in opposition to all the motions. Oral argument was held on May 10, 2024 at which time counsel for Plaintiff was present, as was counsel for PCI, Peter Cummings and Jose-Miguel Albaine. There were no appearances on behalf of Integrated or Davis.[2] Defendant Marc Walowitz also did not appear at the motion, and in fact, has not appeared in the action, nor answered the Complaint or Amended Complaint. After due deliberation, this constitutes the Court's Decision and Order with respect to the pending motions.

---

[1] All the papers filed in connection with the motions are included in the NYSCEF electronic case file and have been considered by the Court.

[2] Subsequent to the filing of the motion by Integrated and Brian Davis, their counsel filed an Order to Show Cause to be relieved of representation, which was granted by the Court in an Order filed on March 5, 2024. In that same Order, the Court stayed the proceedings and adjourned the pending motions to permit Defendants Integrated and Davis, to retain substitute counsel, if desired. No additional information was received that substitute counsel had been retained. At the return date for the current motions, there was no appearance by Integrated and Davis, but their moving papers will be considered.

## BACKGROUND FACTS

Mamo is a Florida resident and purchased property at 3 John Dominick Drive in Shelton, Connecticut. Plaintiff's Complaint (¶12) and Amended Complaint (¶13) state that the acquisition of the property was in June 2019 but Plaintiff's affidavit, dated December 18, 2023, attests that he obtained ownership on August 3, 2021. For purposes of these motions, the different dates are not material to the Court's analysis.

Per Plaintiff's allegations, Defendants Walowitz and Davis presented Mamo with an opportunity to purchase the subject property, and Walowitz actually served as the Real Estate Broker on the transaction. Since Walowitz has not appeared in the action, there is no direct information from him regarding the issues, but Mr. Davis has also stated that Walowitz is a real estate agent licensed in Connecticut.

The crux of Mamo's claim is that he was deceived into hiring multiple companies to perform work on the Connecticut property which was never undertaken. He claims many of the events surrounding the execution of an agreement occurred in the State of New York and form the basis for his assertion of long arm jurisdiction.

Plaintiff alleges that Walowitz recommended that he hire Integrated but that Walowitz failed to disclose that he and Defendant Davis were co-owners of Integrated. In essence, Plaintiff believes that Walowitz was taking advantage of his real estate connection with Mamo, and then funneling work to his own business, without revealing that he would financially benefit from it. Plaintiff further claims that Integrated is based in New York, has a principal place of business in Tioga County, and the entire fraudulent scheme is tied back to Integrated, Walowitz and Davis, and involves contacts with, and in, New York.

After Mamo purchased the property, Walowitz and Davis informed him that work needed to be done to bring the property up to code. Mamo claims that Walowitz arranged meetings between Mamo and Davis, continuing to conceal the true ownership of Integrated, and that many of those meetings with Davis occurred virtually. Those telephone and video calls purportedly originated from Davis and/or Walowitz in New York. Eventually, Mamo hired Integrated, which proceeded to do clean-out work at the property. In 2022, Mamo and Davis engaged in discussions regarding the need for additional repairs and renovations. Plaintiff asserts that Davis and Walowitz convinced him that additional entities would need to be brought in to perform

3

[* 3]

work, including PCI and JM Albaine Engineering, LLC ("JMAE"). Plaintiff contends that Cummings and PCI were not qualified and ultimately did not perform any services, and that he was also persuaded to hire JMAE, which was also allegedly not qualified to perform the services. PCI is a Connecticut company, but Plaintiff claims PCI is owned/operated by Cummings and Albaine, and it conducts significant business in New York so that it should be subject to New York State jurisdiction.

Plaintiff commenced this action on June 12, 2023. An Amended Complaint was filed on September 2, 2023, with six causes of action[3]: 1) fraud against Walowitz and Davis; 2) fraud against Walowitz and Davis relating to their capacities as owners of Integrated; 3) fraud against Cummings; 4) fraud against Albaine; 5) fraud against Cummings and Albaine in their capacities as owners of PCI, and 6) fraud against Albaine in relation to his connection with JMAE. The Amended Complaint filed on September 2, 2023 included JMAE but there is no indication that JMAE was ever served with the Summons and Complaint (or an Amended Summons and Amended Complaint).

PCI, Cummings and Albaine filed a motion to dismiss the original Complaint on August 16, 2023, based on CPLR 3211(a)(7) and (a)(8). In support, they submitted an affidavit of Peter Cummings and an affidavit of Jose-Miguel Albaine, both dated August 15, 2023. They contend that they are non-domiciliaries and lack sufficient contacts with New York State to support jurisdiction. After Plaintiff filed an Amended Complaint, PCI, Cummings and Albaine filed a second motion to dismiss on October 5, 2023, based on the same grounds and affidavits as their first motion.

The third motion was filed by Integrated and Davis, individually. Those Defendants had previously filed an Answer on July 28, 2023, with affirmative defenses including personal and subject matter jurisdiction, as well as failure to state a cause of action. Integrated and Davis seek to dismiss the action against them, pursuant to CPLR 3211(a)(7) and (8), arguing among other things that: they were never served with the original Summons and Complaint or the Amended Complaint; Plaintiff failed to amend the Summons to include the new Defendant JMAE so there has been no jurisdiction obtained; there is not a sufficient nexus with the State of New York to justify this case being handled by New York courts ("inconvenient forum"); and

---

[3] The Amended Complaint contains two causes designated as Count V. It would appear that one should have been listed as Count V and the other as Count VI.

4

lack of specificity required in fraud cases (CPLR §3016[b]). In support, Davis filed an affidavit and his prior attorney filed an affirmation, as well as a Memorandum of Law.

## LEGAL DISCUSSION AND ANALYSIS

Preliminarily, the Court notes that PCI, Cummings and Albaine have filed two separate motions to dismiss, but they can be treated as just one. Their first motion was made on August 16, 2023 and sought dismissal on the basis of lack of personal jurisdiction as well as failure to state a cause of action [CPLR 3211 (a)(7)] due to the lack of specificity in the fraud allegations [CPLR 3016(b)]. After the Plaintiff filed an Amended Complaint in September 2023, PCI, Cummings and Albaine filed a second motion to dismiss, which was nearly identical to the initial motion except to make changes based on paragraph re-numbering in the Amended Complaint.

An Amended Complaint supersedes the original Complaint and becomes the only Complaint in the case. *See, Sobel v. Ansanelli*, 98 AD3d 1020 (2nd Dept. 2012); *Mid-Hudson Val. Fed. Credit Union v. Quartararo & Lois, PLLC*, 155 AD3d 1218, 1219, n.1 (3rd Dept. 2017); *Taub v. Schon*, 148 AD3d 1203 (2nd Dept. 2017). Although there is a question of proper service, there has been no challenge to the Plaintiff's actual filing of the Amended Complaint such as a motion to strike the Amended Complaint. Davis and Integrated point out that a party may amend his pleading once within twenty days after service per CPLR § 3025(a). Here, the Complaint was filed on June 12, 2023 and the Amended Complaint was filed on September 2, 2023, more than 20 days later. Leave of court to file the Amended Complaint was not sought, nor granted, so an argument could be made that it was not timely. However, Defendants have not sought to challenge the filing of the Amended Complaint, but instead, have raised issues concerning service and jurisdiction. Therefore, the Amended Complaint stands as the relevant filing. The initial Complaint is a nullity, and the Court need only address the motion(s) to dismiss the Amended Complaint.

1. Motion to dismiss

CPLR 3211 sets forth the bases and procedure for a motion to dismiss. "On a motion to dismiss made pursuant to CPLR 3211, a court should construe the pleadings liberally, accept the

allegations as true and afford the party opposing the motion the benefit of every possible inference to determine whether the facts alleged fit within a cognizable legal theory." *T. Lemme Mech., Inc. v. Schalmont Cent. School Dist.*, 52 AD3d 1006, 1008 (3rd Dept. 2008) (citations omitted); *see, EBC I, Inc. v. Goldman Sachs & Co.*, 5 NY3d 11, 19 (2005); *Leon v. Martinez*, 84 NY2d 83, 87 (1994); *Kreamer v. Town of Oxford*, 91 AD3d 1157 (3rd Dept. 2012); *Stainless Broad. Co. v. Clear Channel Broad. Licenses, L.P.*, 58 AD3d 1010 (3rd Dept. 2009). "[T]he ultimate criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one." *Schmidt & Schmidt, Inc. v. Town of Charlton*, 68 AD3d 1314, 1315 (3rd Dept. 2009), *quoting Leon v. Martinez*, 84 NY2d at 88. The court should not make factual determinations on a motion to dismiss. *See, Niagara Mohawk Power Corp. v. State*, 300 AD2d 949 (3rd Dept. 2002). Whether the complaint will withstand a later motion for summary judgment, or whether Plaintiff will ultimately be able to prove the claims at trial, does not play any part in the determination. *See, EBC I, Inc. v. Goldman Sachs & Co.*, 5 NY3d 11; *Brown v. University of Rochester*, 224 AD3d 1180 (3rd Dept. 2024). "Notwithstanding the broad pleading standard, bare legal conclusions with no factual specificity do not suffice to withstand a motion to dismiss... [and] '[d]ismissal ... is warranted if the [pleading] fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery.'" *Mid-Hudson Val. Fed. Credit Union v. Quartararo & Lois, PLLC*, 155 AD3d 1218, 1219 (3rd Dept. 2017) [internal citations omitted] *quoting Connaughton v. Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 (2017). On this motion, Defendants have raised the grounds under CPLR 3211 (a)(5) and CPLR 3211 (a)(7).

### 2. Personal Jurisdiction- CPLR 3211(a)(8)

PCI, Cummings and Albaine have raised personal jurisdiction as a basis for dismissal. Integrated and Davis have also filed their own motion for dismissal based on personal jurisdiction, although the basis differs from the motion of PCI, Cummings and Albaine. The Court's discussion on personal jurisdiction will apply to all the moving Defendants.

Generally speaking, personal jurisdiction involves the filing of an action, service of process on the defendant, and a basis for asserting jurisdiction over the defendant. *See*, David D.

6

Siegel & Patrick M. Connors, New York Practice, § 58 at p. 99 [6th ed.]. All three must be present to generate an enforceable judgment.

The rules for service and jurisdiction vary based on whether the Defendant is an individual or business. For example, there are different methods of serving a Summons and Complaint on an individual (*see e.g.* CPLR § 308) as opposed to a business (*see e.g.* CPLR § 311(a)(1), BCL § 306(b)). Likewise, the analysis of the <u>bases</u> for asserting jurisdiction can be different if it is a natural person or a corporation, and whether the defendant is "present" within the state.

In this case, there are two distinct challenges being made to jurisdiction. Integrated and Davis claim that they were not properly served so jurisdiction has not been obtained. The other moving defendants (PCI, Cummings and Albaine) focus on being out of state and being beyond the reach of the court.

Jurisdiction concerns the power or authority of a court to bind a litigant to the court's orders. The judgment "of a court lacking personal jurisdiction [violates] the Due Process Clause of the Fourteenth Amendment." *Burnham v. Superior Court of California, County of Marin*, 495 US 604, 609 (1990); *Pennoyer v. Neff*, 95 US 714 (1878). A person cannot be deprived of life, liberty and property unless the court's exercise of power is lawful, and a court cannot bind someone having no relation to the state. *See, J. McIntyre Machinery, Ltd. v. Nicastro*, 564 US 873 (2011). If there are no sufficient grounds for jurisdiction, then the court does not have any power or authority to render a determination.

a. Alleged failure to serve Davis and Integrated

Although the motion by Davis and Integrated was made last, the Court will address it first. Pursuant to CPLR 3211(a)(8), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that: the court [does not have] jurisdiction of the person of the defendant." Under CPLR § 306-b, the plaintiff is required to serve the defendant(s) within 120 days of the filing of the summons and complaint. If a plaintiff fails to do so, the defendant can move for dismissal which shall be granted, without prejudice.

In support of the motion, Davis submitted his own affidavit in which he asserts that he was never personally served with a copy of the Summons and Complaint or Amended

7

Complaint; and further, that he is President and sole shareholder of Integrated, and the business also was never served. The Court has observed that there is no affidavit of service in the electronic case file. Furthermore, Plaintiff's opposition did not discuss the question of service, so he has not submitted anything to contradict Davis' assertion that there was no proper service.

One of the basic components of personal jurisdiction is notice and the opportunity to be heard. *See, Aybar v. Aybar*, 37 NY3d 274, 287 (2021). Compliance with the statutory requirements for the service of process is required. Even though Integrated and Davis filed an Answer, they raised the issue of personal jurisdiction in their answer and motion to dismiss, and is was therefore preserved. *See, Steuhl v. CRD Metalworks, LLC*, 159 AD3d 1182 (3rd Dept. 2018). The uncontradicted evidence here establishes that Integrated and Davis were not served with either the original Summons and Complaint, nor the Amended Complaint. Accordingly, the Court must dismiss the case against Davis and Integrated.

           b.   General/Special jurisdiction over non-domiciliary (PCI, Cummings and Albaine)

A more complex issue is presented when a defendant argues that they are not present in New York and are beyond the court's reach, such as the motion by PCI, Cummings and Albaine. By virtue of commencing an action, a plaintiff obviously consents to, and even relies upon, the court's jurisdiction. As to defendants, there must be a basis for the court to acquire jurisdiction. For example, a person domiciled in New York is subject to the jurisdiction of New York courts regardless of where service is made. *See, Milliken v. Meyer*, 311 U.S. 457 (1940); *Lansdale v. Lansdale*, 1 AD2d 374 (3rd Dept. 1956); CPLR 301. A resident enjoys the benefits and protections of the State and is appropriately bound by the courts of that state. A non-domiciliary served within the state is also subject to the jurisdiction of the courts of that state. *See, J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873; *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604. In *Burnham* the Court noted that "[a]mong the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State. The view developed early that each State had the power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him, no

8

matter how fleeting his visit.". *Id.* at 610-611. The presence of a natural person within the state is easy to determine, but since the corporation is a fictional creation, it does not have a physical presence anywhere and the question of "presence" comes within the metaphysical realm. The courts have developed rules to evaluate whether a company is present within a state and subject to the jurisdiction of that state. *See, e.g. BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017); *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (court may assert jurisdiction over a foreign corporation "to hear any and all claims against [it]" only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive "as to render [it] essentially at home in the forum State."); *Aybar v. Aybar*, 37 NY3d 274.

"Jurisdiction may be established in three ways: specific jurisdiction (where the claim arose); general jurisdiction (where the defendant is at home); or consent." *Aybar v. Aybar*, 37 NY3d 274, 294 (Wilson, J., dissenting). Jurisdiction by consent is not implicated in these motions so the Court will be focusing on the other two types of jurisdiction.[4]

A plaintiff seeking to assert jurisdiction over a defendant has the burden of proof on that issue. *See, Archer-Vail v. LHV Precast Inc.*, 168 AD3d 1257 (3rd Dept. 2019); *see also, Powerflex Solar, LLC v. Solar PV Pros, LLC*, 2024 NY App. Div. LEXIS 4273, *3 (3rd Dept. August 1, 2024). When a defendant makes a motion to dismiss under CPLR 3211 (a)(8), "the plaintiffs, in opposition to a motion to dismiss … need only make a prima facie showing that the defendants were subject to the personal jurisdiction of the Supreme Court." *Abad v. Lorenzo*, 163 AD3d 903, 94 (2nd Dept. 2018), *quoting Daniel B. Katz & Assoc. Corp. v. Midland Rushmore, LLC*, 90 AD3d 977, 978 (2nd Dept. 2011). In certain circumstances, it may appear that additional information might be necessary and relevant on the question of jurisdiction which would warrant delaying determination pending discovery, similar to the provisions of CPLR 3211(d) and CPLR 3212 (d). In that event, "plaintiff need only demonstrate that it made a 'sufficient start' to warrant further discovery, which, pursuant to CPLR 3211 (d), [is] within Supreme Court's discretion to grant." *Archer-Vail v. LHV Precast Inc.*, 168 AD3d at 1261, *quoting, Bunkoff Gen. Contrs. v. State Auto. Mut. Ins. Co.*, 296 AD2d 699, 700 (3rd Dept. 2002).

---

[4] In *Aybar*, the Court of Appeals held that a foreign corporation does not consent "to the exercise of general jurisdiction by New York courts [simply] by registering to do business [in New York] and designating a local agent for service of process." *Aybar*, 37 NY3d at 280. Those are the steps necessary for a foreign corporation to be authorized to do business in New York. Plaintiff does not rely on any argument regarding consent.

9

Mamo does not claim that he needs further discovery, but rather, that the evidence is sufficient to find jurisdiction.

In *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), the U.S. Supreme Court articulated a now well-known rule that personal jurisdiction may be asserted over an out-of-state defendant who has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*citing Milliken v. Meyer*, 311 at U.S. 463). The decision in *International Shoe*, led to the "development of two categories of personal jurisdiction." *Daimler*, 571 U.S. at 126. Those are general jurisdiction and specific jurisdiction. The distinction between general and specific jurisdiction was described by the United State Supreme Court as:

> A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State. *See International Shoe*, 326 U.S., at 317.... Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.

*Goodyear*, 564 U.S. at 919 (internal bracket, quotation marks, citations and end citation omitted).

Three years after the *Goodyear* decision, the Supreme Court provided further instruction with regard to general jurisdiction:

> *Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." 564 U. S., at 924, 131 S. Ct. 2846, 2854, 180 L. Ed. 2d 796, 806 (*citing* Brilmayer et al., A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 728 (1988)). With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." *Id.*, at 735. *See also* Twitchell, 101 Harv. L. Rev., at 633. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. *Cf. Hertz Corp. v. Friend*, 559 U. S. 77, 94, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) ("Simple jurisdictional rules . . . promote greater predictability."). These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Daimler*, 571 U.S. at 137.

10

Thus, general jurisdiction over a corporation will usually be limited to situations where it is incorporated or has its principal place of business, but it may also be shown in exceptional cases where the corporation's activities are so pervasive in another state to fairly be the home of that corporation. Even that evaluation takes into account the proportion of activities within the subject state to the corporation's overall activities. If a court has general jurisdiction, it can hear any claims against that defendant, similar to if it was an individual residing within the state. In New York, the exercise of general jurisdiction is found in CPLR 301, which simply states that "[a] court may exercise such jurisdiction over persons, property, or status aw might have been exercised heretofore." The scope of that statute is controlled by constitutional constraints found in cases such a *Goodyear* and *Daimler*.

In contrast to the general all-purpose jurisdiction afforded when a defendant is at home within the state, "[t]he primary focus of a specific jurisdiction inquiry is the defendant's relationship to the forum state .... If the lawsuit arises out of or relates to the defendant's contacts with the forum state — here New York— and there is an affiliation between New York and the underlying controversy, then a New York court may exercise specific jurisdiction over the defendant." *English v. Avon Prods., Inc.*, 206 AD3d 404, 406 (1st Dept. 2022) (citations omitted). Specific jurisdiction has become the much more frequently invoked basis of jurisdiction, and general jurisdiction has decreased in significance. *See*, David D. Siegel & Patrick M. Connors, New York Practice, § 82 at p. 169 [6th ed.]; *Daimler*, 571 U.S. at 128, *quoting Goodyear*, 564 U.S. at 925.

"A New York court may not exercise personal jurisdiction over a non-domiciliary unless two requirements are satisfied: the action is permissible under the long-arm statute (CPLR 302) and the exercise of jurisdiction comports with due process." *Williams v. Beemiller, Inc.*, 33 NY3d 523, 528 (2019), *citing LaMarca v. Pak-Mor Mfg. Co.*, 95 NY2d 210, 214 (2000). "New York's long-arm statute, CPLR 302, sets forth the acts of a non-domiciliary that may give rise to specific jurisdiction." *Lelchook v. Société Générale de Banque au Liban SAL*, 41 NY3d 629, 633 (2024). CPLR 302(a) states that specific jurisdiction may be exercised over a non-resident who "(1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state...; or (3) commits a tortious act without the state causing injury to person...within the state...if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods

11

used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses real property situated within the state."

A court must determine whether a defendant transacted business in New York or contracted to supply goods and services in the state, and if so, whether the cause of action arose from those transactions. *Pichardo v. Zayas*, 122 AD3d 699 (2nd Dept. 2014). "A non-domiciliary defendant transacts business in New York when on his or her own initiative, the non-domiciliary projects himself or herself into this state to engage in a sustained and substantial transaction of business.... The primary consideration is the quality of the non-domiciliary's New York contacts..... [P]urposeful availment occurs when the non-domiciliary seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship." *D & R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 NY3d 292, 298 (2017) (citations, internal quotations marks and alterations omitted). There must be an articulable nexus or substantial relationship between the activities within the state and the claim being made. *Id.* at 298-299

In the present case, Mamo has failed to establish that PCI, Cummings and/or Albaine conducted business in New York by engaging in purposeful activity within the state. *See, Fischbarg v. Doucet*, 9 NY3d 375 (2007). Per the Cummings affidavit and exhibits: PCI is incorporated in Connecticut, with offices in Fairfield, Connecticut and Montana; it is not registered to do business in New York, has no real property in New York, and maintains no bank accounts in this state; it does not advertise nor solicit business in New York, and has only worked one project in New York in the last 20 years. Cummings further stated that neither he individually, nor PCI, had any contract with the Plaintiff, and was not paid for any services by Plaintiff or Davis. Rather, Davis asked for a proposal for the renovation of the subject property, which he prepared and emailed back to Davis, but Davis did not respond. The only contact he had with Mamo was two telephone conversations when Cummings was present on his landline in Connecticut. He never attended any video calls with the Plaintiff and never travelled to New York in connection with this project.

Albaine also provided an affidavit in which he stated that he was not employed or affiliated with PCI and he had no involvement with this project. He has never had any contact with Mamo and has not participated in any conference calls or telephone calls with Mamo. He

12

lives in Connecticut, operates his business from Connecticut and does not have any significant contacts with New York.

In opposition, Mamo points to various contacts he had with Davis and/or Integrated, and paid invoices with Integrated, but he provides scant information with respect to PCI, Cummings or Albaine. Mamo's affidavit does not provide any details as to contacts with Cummings or Albaine such as dates and times of any phone calls/video conferences; the originating party, the substance of any discussions or any other evidence to show that PCI, Cummings or Albaine were interjecting themselves into activities within New York. Mamo did provide invoices from Integrated, one of which contains an item description as a retainer for PCI, and it indicates that Integrated made that payment (which is denied by Cummings). Mamo did not make the payment and there is no evidence that any payment was made to PCI. Mamo also submitted information from a website showing that PCI, Cummings and Albaine have been collaborating on projects for over 2 decades, but there is absolutely no evidence that this information was targeted to, or received by, any New York residents or businesses.

There is no general jurisdiction over PCI, Cummings or Albaine. PCI is incorporated and has its principal place of business in Connecticut, not New York. *See, Daimler*, 571 U.S. at 137. The activities of PCI do not qualify as one of the "exceptional" circumstances, where the business activities were of such a "continuous and systematic" nature to establish PCI was at home in New York. There is also no general jurisdiction over Cummings or Albaine, because both are non-domiciliary in New York, were not served here, and do not have any other indicia sufficient for the exercise of general jurisdiction.

Specific jurisdiction, or long arm jurisdiction by virtue of CPLR 302 has also not been established. There is no evidence that any of those defendants "transacted business" in New York or contracted to perform any services within New York. Mamo is a Florida resident, the property was located in Connecticut, and any injury befell Mamo in Florida. Mamo has completely failed to contradict the affidavits of Cummings and Albaine that they were not involved in any project planning in New York, or that any of their actions led to injury in New York. There is also no showing that any of these Defendants "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or … expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or

13

international commerce" CPLR 302(a)(3). The Plaintiff has failed to show that any of these Defendants are subject to specific jurisdiction under New York's long arm statute.

There is no basis for this Court to assert personal jurisdiction over these out of state Defendants. Accordingly, the motion of PCI, Cummings and Albaine to dismiss under CPLR 3211.(a)(8) is granted.

### 3. Failure to State a Cause of Action- CPLR 3211(a)(7)

Although the Court's conclusions with respect to the personal jurisdiction arguments are dispositive, the Court will also address Defendants' alternative argument to dismiss for failure to state a cause of action. That argument is based on the lack of specificity in Plaintiff's fraud claim.

Fraud involves a material misrepresentation of a fact, knowledge of its falsity, an intention to induce reliance, actual justifiable reliance and damages. *See, Ross v. Louise Wise Servs., Inc.*, 8 NY3d 478, 488 (2007); *Luckow v. RBG Design-Build, Inc.*, 156 AD3d 1289, 1294 (3rd Dept. 2017). Fraud claims are subject to a heightened pleading requirement in that "the circumstances constituting the wrong shall be stated in detail." CPLR 3016(b); *see, Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 NY3d 553 (2009). "Although the particularity requirements should not be so strictly interpreted to prevent an otherwise valid cause of action where those circumstances are peculiarly within the knowledge of the party alleged to have committed the fraud" [*Nosegbe v. Charles*, 227 AD3d 1400, 1402 (4th Dept. 2024) (citations and internal quotation marks omitted)], the Complaint "has to allege enough facts to establish the elements of the cause of action." *Eurycleia Partners*, 12 NY3d at 559.

In the present case, the Amended Complaint provides no details concerning the specific misrepresentations that were made, who made them, when they were made, and that Mamo justifiably relied on those statements. "Bare allegations of fraud in a complaint without any allegation of the details constituting the wrong are not sufficient to sustain a cause of action." *Kline v. Taukpoint Realty Corp.*, 302 AD2d 433, 433 (2nd Dept. 2003).

Here, Plaintiff's Amended Complaint is filled with conclusory statements but no specifics. For example, in paragraph 30, it is alleged that Walowitz and Davis made material misrepresentations as to their ability to fix the issues with the property, and that they did not

14

disclose they were in business together. There are no details as to those statements. General statements without referring to when, where or how defendants made the statements is insufficient to satisfy the heightened pleading requirements. Further, the lack of particularity regarding the Defendants' expertise and ability to perform the work requires dismissal. *See, Luckow v. RBG Design-Build, Inc.*, 156 AD3d 1289.

Similarly, Plaintiff's Amended Complaint fails to offer any details about the alleged phone calls/video calls made between Mamo and Integrated/Davis and/or Walowitz. There is no indication of when these conversations occurred or what was said-key elements in determining if the statements were intended to induce Mamo to enter into an agreement that Defendants did not intend to complete. Likewise, the Amended Complaint alleges that Cummings and Albaine misrepresented their ability to fix the issues with the property, and that they were not truthful about their business relationship and connections with Integrated. Once again, these are only conclusory statements without any detail.

The Amended Complaint contains only vague and general allegations without any factual support. CPLR 3016 (b) requires more than that.

Accordingly, the Court concludes that Defendants' motion to dismiss under CPLR 3211 (a)(7) is granted.


4. Motion to dismiss based on inconvenient forum


In light of the Court's determinations with respect to the motions to dismiss pursuant to CPLR 3211 (a)(7) and (a)(8), there is no need for the Court to address the additional argument from Integrated and Davis seeking dismissal on the grounds that New York is not a convenient forum for the action. Since dismissal is being granted on two different grounds, any further commentary from the Court would not be warranted.


**CONCLUSION**


Based on the foregoing, the Court determines that it has insufficient grounds to exercise jurisdiction over the moving Defendants. There is no proof of service of process on Integrated and Davis. There are no grounds for the Court to exercise general or specific jurisdiction over

non-domiciliaries PCI, Cummings and Albaine. The Court also finds that the Amended Complaint fails to allege the fraud claims with particularity, and therefore dismissal is also warranted on that basis. As a result, a determination on the motion to dismiss due to inconvenient forum is not needed nor appropriate at this time. Accordingly, and after due deliberation, it is hereby

ORDERED, that the motion of PCI, Cummings and Albaine to dismiss the Amended Complaint is GRANTED, and it is further

ORDERED, that the motion of Integrated and Davis to dismiss the Amended Complaint is GRANTED, and it is further

ORDERED, that counsel for PCI, Cummings and Albaine is to submit a proposed Order, on notice with respect to all the motions (by 1 paper), within 30 days.

THIS CONSTITUTES THE DECISION OF THIS COURT.

Dated:        September 30 , 2024
Binghamton, New York

HON. EUGENE D. FAUGHNAN
Supreme Court Justice

16